**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Hunter G Benharris
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DARNELL MILLIN, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>-against-<br><br>**BROOKLYN BORN CHOCOLATE, LLC, THEOBROMA CHOCOLATES, LLC, MICHAEL ALTMAN individually, and JEAN-FRANCOIS BONNET individually,**<br><br>**Defendants.** | **No:**<br><br>**CLASS ACTION COMPLAINT** |

Darnell Millin ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover overtime compensation and other damages for Plaintiff and similarly situated maintenance workers, kitchen workers, pastry chefs, packaging workers, and all other similarly situated hourly workers (collectively, "Hourly Workers") who work or have worked for Brooklyn Born Chocolate, LLC, Theobroma Chocolates, LLC, Michael Altman, and Jean-Francois Bonnet (collectively, "Brooklyn Chocolate" or "Defendants").

2.      Owned and operated by Defendants Michael Altman ("Altman") and Jean-Francois

Bonnet, Brooklyn Chocolate creates and sells private label chocolates and candies to hotels and businesses throughout New York City, as well as to the general public.

3.  Brooklyn Chocolate was founded in Brooklyn, New York in 2005 and moved to Rahway, New Jersey in 2018.

4.  At all relevant times, Defendants have compensated Plaintiff and all other Hourly Workers on an hourly basis.

5.  Despite being non-exempt employees, Defendants have failed to properly pay Plaintiff and other Hourly Workers overtime compensation at 1.5 times their regular rate of pay when they work over 40 hours per week.

6.  In this regard, Defendants engage in impermissible practice of time-shaving, i.e. providing their Hourly Workers with their regular rate of pay for the first forty hours they work per week, and no compensation whatsoever for all remaining hours, even though Hourly Workers clock in and out for over forty hours per week.

7.  Plaintiff brings this action on behalf of himself and all other similarly-situated Hourly Workers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b).

8.  Plaintiff also brings this action on behalf of himself and all other similarly-situated Hourly Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 190 *et seq.* ("NYLL"), and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

9.  Plaintiff also brings this action on behalf of himself and all other similarly-situated Hourly Workers in New Jersey pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* ("NJWL").

## THE PARTIES

**Plaintiff**

**Darnell Millin**

10.      Darnell Millin ("Millin") is an adult individual who is a resident of the State of New York.

11.      Millin was employed by Brooklyn Chocolate as a "maintenance worker" from on or about April 2012 to on or about November 2018.

12.      Millin is a covered employee within the meaning of the FLSA, the NYLL, and the NJWL.

13.      A written consent form for Millin is being filed with this Class Action Complaint.

**Defendants**

14.      Defendants jointly employed Plaintiff and similarly-situated employees at all times relevant.

15.      Each Defendant has had substantial control over Plaintiff's and similarly-situated employees' working conditions, and over the unlawful policies and practices alleged herein.

16.      During all relevant times, Defendants have been Plaintiff's employers within the meaning of the FLSA, the NYLL, and the NJWL.

**Brooklyn Born Chocolate, LLC**

17.      Brooklyn Born Chocolate, LLC. is a domestic business corporation organized and existing under the laws of New York.

18.      Brooklyn Born Chocolate, LLC was and is a covered employer within the meaning of the FLSA, the NYLL, and the NJWL, and at all times relevant, employed Plaintiff and similarly-situated employees.

3

19.     Brooklyn Born Chocolate, LLC has maintained control, oversight, and direction over Plaintiff and similarly-situated employees, including timekeeping, payroll, and other employment practices that applied to them.

20.     Brooklyn Born Chocolate, LLC applies the same employment policies, practices, and procedures to all Non-Exempt Hourly Workers in its operation, including policies, practices, and procedures with respect to payment of overtime compensation.

21.     Upon information and belief, at all relevant times, Brooklyn Born Chocolate, LLC has had an annual gross volume of sales in excess of $500,000.

**Theobroma Chocolates, LLC**

22.     Theobroma Chocolates, LLC is a domestic business corporation organized and existing under the laws of New York.

23.     Theobroma Chocolates, LLC's was and is a covered employer within the meaning of the FLSA, the NYLL, and the NJWL, and at all times relevant, employed Plaintiff and similarly-situated employees.

24.     Theobroma Chocolates, LLC has maintained control, oversight, and direction over Plaintiff and similarly-situated employees, including timekeeping, payroll, and other employment practices that applied to them.

25.     Theobroma Chocolates, LLC applies the same employment policies, practices, and procedures to all Hourly Workers in its operation, including policies, practices, and procedures with respect to payment of overtime compensation.

26.     Upon information and belief, at all relevant times, Theobroma Chocolates, LLC has had an annual gross volume of sales in excess of $500,000.

**Michael Altman**

27.    At all relevant times herein, Altman has owned and/or operated Brooklyn Born Chocolate, LLC and Theobroma Chocolates, LLC.

28.    Upon information and belief, Altman is a resident of the State of New York.

29.    According to multiple media sources, Altman is an owner and founder of Brooklyn Chocolate and makes determinations regarding the hiring and firing of employees.[1]

30.    Altman lists himself as the CEO and owner of Brooklyn Chocolate on both his personal LinkedIn and Facebook pages.[2]

31.    Furthermore, Altman identifies himself as the owner and CEO of Brooklyn Chocolate and maintains that he enforces the policies concerning pay and overtime at Brooklyn Chocolate in communications to state agencies, including the New Jersey Department of Labor.

32.    Altman maintains a direct and significant management role in Brooklyn Chocolate. In this regard, Millin identified Altman as an owner of Brooklyn Chocolate and as Millin's supervisor.

33.    At all relevant times, Altman has had the power over payroll decisions at Brooklyn Chocolate, including the power to retain time and/or wage records.

34.    At all relevant times, Altman has been actively involved in managing the day to day operations of Brooklyn Chocolate.

35.    At all relevant times, Altman has had the power to stop any illegal pay practices that harmed Plaintiff and similarly-situated employees at Brooklyn Chocolate.

36.    At all relevant times, Altman has had the power to transfer the assets and/or

---

[1] *See* https://www.nytimes.com/2007/04/15/business/yourmoney/15home.html;
http://brooklynink.org/2012/03/18/43116-chester-and-the-chocolate-factory/
[2] *See* https://www.facebook.com/michael.altman.718; https://www.linkedin.com/in/michael-altman-a113ba2/

liabilities of Brooklyn Chocolate.

37.    At all relevant times, Altman has had the power the declare bankruptcy on behalf of Brooklyn Chocolate.

38.    At all relevant times, Altman has had the power to enter into contracts on behalf of Brooklyn Chocolate.

39.    At all relevant times, Altman has had the power to close, shut down, and/or sell Brooklyn Chocolate.

40.    Altman is a covered employer within the meaning of the FLSA, the NYLL, and the NJWL and at all relevant times, he has employed and/or jointly employed Plaintiff and similarly-situated employees.

**Jean-Francois Bonnet**

41.    At all relevant times herein, Bonnet has owned and/or operated Brooklyn Born Chocolate, LLC and Theobroma Chocolates, LLC.

42.    Upon information and belief, Bonnet is a resident of the State of New York.

43.    According to multiple news articles, Bonnet is an owner, founder, and executive chef a Brooklyn Chocolate and makes determinations regarding the recipes and strategies at Brooklyn Chocolate.[3]

44.    Bonnet lists himself as the Executive Chef and Owner of Brooklyn Chocolate on both his LinkedIn and Facebook.[4]

45.    Furthermore, Bonnet is identified as the owner, founder, and executive chef of

---

[3] *See* https://www.brooklynbornchocolate.com/press/brooklyn-daily-eagle; https://www.brooklynbornchocolate.com/press/serious-eats-new-york
[4] *See* https://www.facebook.com/jeanfrancois.bonnet.581; https://www.linkedin.com/in/jeanfrancoisbonnettumbador/

Brooklyn Chocolate on Brooklyn Chocolate's website.[5]

46.    Bonnet maintains a direct and significant management role in Brooklyn Chocolate. In this regard, Millin identified Bonnet as an owner of Brooklyn Chocolate and as Millin's supervisor.

47.    At all relevant times, Bonnet has had the power over payroll decisions at Brooklyn Chocolate, including the power to retain time and/or wage records.

48.    At all relevant times, Bonnet has been actively involved in managing the day to day operations of Brooklyn Chocolate.

49.    At all relevant times, Bonnet has had the power to stop any illegal pay practices that harmed Plaintiff and similarly-situated employees at Brooklyn Chocolate.

50.    At all relevant times, Bonnet has had the power to transfer the assets and/or liabilities of Brooklyn Chocolate.

51.    At all relevant times, Bonnet has had the power the declare bankruptcy on behalf of Brooklyn Chocolate.

52.    At all relevant times, Bonnet has had the power to enter into contracts on behalf of Brooklyn Chocolate.

53.    At all relevant times, Bonnet has had the power to close, shut down, and/or sell Brooklyn Chocolate.

54.    Bonnet is a covered employer within the meaning of the FLSA, the NYLL, and the NJWL at all relevant times, he has employed and/or jointly employed Plaintiff and similarly-situated employees.

---

[5] *See* https://www.brooklynbornchocolate.com/about/about-the-chef

## JURISDICTION AND VENUE

55.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

56.    This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

57.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants conduct business in this District.

## COLLECTIVE ACTION ALLEGATIONS

58.    Plaintiff brings the First Cause of Action, an FLSA claim, on behalf of himself and all similarly-situated persons who work or have worked as Hourly Workers for Brooklyn Chocolate who elect to opt-in to this action (the "FLSA Collective").

59.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.

60.    Consistent with Defendants' policies and patterns or practices, Plaintiff and the FLSA Collective were not paid the proper premium overtime compensation of 1.5 times their regular rates of pay for all hours worked beyond 40 per workweek.

61.    All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

62.    As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to,

willfully failing to pay their employees, including Plaintiff and the FLSA Collective, any overtime wages for all hours worked in excess of 40 hours per workweek.

## NEW YORK CLASS ACTION ALLEGATIONS

63.     Plaintiff brings the Second, Third, Fourth, and Fifth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as Hourly Workers for Brooklyn Born Chocolate, LLC and/or Theobroma Chocolates, LLC in New York between June 5, 2013 and the date of final judgment in this matter (the "New York Class").

64.     The members of the New York Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

65.     There are more than fifty members of the New York Class.

66.     Plaintiff's claims are typical of those claims that could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions.

67.     Plaintiff and the New York Class have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.  Defendants' corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the New York Class.

68.     Plaintiff is able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the New York Class.

69.     Plaintiff is represented by attorneys who are experienced and competent in both

class action litigation and employment litigation and have previously represented many plaintiff and classes in wage and hour cases.

70.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

71.    Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following:

> (a) whether Defendants correctly compensated Plaintiff and the New York Class for hours worked in excess of 40 per workweek;
>
> (b) whether Defendants correctly compensated Plaintiff and the New York Class with spread of hours pay, as required by the NYLL
>
> (c) whether Defendants failed to furnish Plaintiff and the New York Class with proper annual wage notices, as required by the NYLL; and
>
> (d) whether Defendants failed to furnish Plaintiff and the New York Class with accurate statements with every payment of wages, as required by the NYLL.

## NEW JERSEY CLASS ACTION ALLEGATIONS

72.    Plaintiff brings the Sixth and Seventh Causes of Action, NJWL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons

consisting of:

> All persons who work or have worked as Hourly
> Workers for Brooklyn Born Chocolate, LLC and/or
> Theobroma Chocolates, LLC in New Jersey between
> June 5, 2017 and the date of final judgment in this
> matter (the "New Jersey Class").

73.    The members of the New Jersey Class are so numerous that joinder of all members

is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

74.    There are more than fifty members of the New Jersey Class.

75.    Plaintiff's claims are typical of those claims that could be alleged by any member

of the New Jersey Class, and the relief sought is typical of the relief which would be sought by

each member of the New Jersey Class in separate actions.

76.    Plaintiff and the New Jersey Class have all been injured in that they have been

uncompensated or under-compensated due to Defendants' common policies, practices, and

patterns of conduct.  Defendants' corporate-wide policies and practices affected everyone in the

New Jersey Class similarly, and Defendants benefited from the same type of unfair and/or

wrongful acts as to each member of the New Jersey Class.

77.    Plaintiff is able to fairly and adequately protect the interests of the New Jersey Class

and has no interests antagonistic to the New Jersey Class.

78.    Plaintiff is represented by attorneys who are experienced and competent in both

class action litigation and employment litigation and have previously represented many plaintiffs

and classes in wage and hour cases.

79.    A class action is superior to other available methods for the fair and efficient

adjudication of the controversy – particularly in the context of wage and hour litigation where

individual class members lack the financial resources to vigorously prosecute a lawsuit against

corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

80.     Common questions of law and fact exist as to the New Jersey Class that predominate over any questions only affecting Plaintiff and/or each member of the New Jersey Class individually and include, but are not limited to, the following:

> (e) whether Defendants correctly compensated Plaintiff and the New Jersey Class for hours worked in excess of 40 per workweek.

## PLAINTIFF'S FACTUAL ALLEGATIONS

81.     Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Darnell Millin**

82.     Millin was employed by Defendant as a "maintenance worker" from on or about April 2012 through on or about November 2018.

83.     During his employment, Millin worked for Defendants in Brooklyn, New York from April 2012 to April 2018, then Millin worked for Defendants in Rahway, New Jersey from April 2018 to November 2018.

84.     During his employment, Millin frequently worked over 40 hours per week, to a maximum of approximately 65 hour per week.

85.     Despite regularly clocking in and out, and working over 40 hours per workweek, Defendants failed to compensate Millin with proper overtime compensation of 1.5 times his regular rate of pay for all hours he was suffered or permitted to work in excess of 40 hours per

workweek.

86.    For example, for the week beginning on December 13, 2017 and ending December 19, 2017, Millin worked 55 hours and 46 minutes, but was only paid for 40 hours at $11.00 an hour.

87.    In this regard, Defendants shaved Millin's time and hours, thus providing no compensation for any of the hours worked over forty hour per week.

88.    Throughout his employment, Millin would work shifts of over ten hours from beginning to the end of his shift. Despite working shifts of over ten hours, Defendants failed to provide Millin with spread of hours pay as required by the NYLL.

89.    Throughout his employment, Defendants failed to provide Millin with accurate wage statements with each payment of wages as required by the NYLL.

90.    Defendants failed to provide Millin with a proper annual wage notice as required by the NYLL.

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

91.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

92.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of FLSA Collective.

93.    Plaintiff and the FLSA Collective worked in excess of 40 hours during workweeks in the relevant period.

94.    Defendants failed to pay Plaintiff and the FLSA Collective the premium overtime

wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rate of pay for all hours worked in excess of 40 per workweek.

95.    As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### New York Labor Law – Overtime Wages
**(Brought on behalf of Plaintiff and the New York Class)**

96.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

97.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff and the New York Class.

98.    Defendants failed to pay Plaintiff and the New York Class the premium overtime wages to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations – at a rate of 1.5 times their regular rate of pay – for all hours worked beyond 40 per workweek.

99.    Due to Defendants' violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### New York Labor Law – Spread of Hours Pay
**(Brought on behalf of Plaintiff and the New York Class)**

100.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

101.    Defendants have failed to pay Plaintiff and the New York Class compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours.

102.    Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendants their unpaid spread of hours wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
**New York Labor Law – Failure to Provide Proper Annual Wage Notices**
**(Brought on behalf of Plaintiff and the New York Class)**

103.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

104.    Defendants have failed to supply Plaintiff and the New York Class with a proper time of hire annual wage notice, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, at the time of hiring, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

105.    Due to Defendants' violations of NYLL, Article 6, § 195(1), Plaintiff and the New York Class are entitled to statutory penalties of fifty dollars for each workday that Defendants

failed to provide them with wage notices, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-b).

## FIFTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Accurate Wage Statements
### (Brought on behalf of Plaintiff and the New York Class)

106.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

107.    Defendants failed to supply Plaintiff and the New York Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

108.    Due to Defendants' violations of NYLL, Article 6, § 195(3), Plaintiff and the New York Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-d).

## SIXTH CAUSE OF ACTION
### New Jersey Wage and Hour Law – Overtime Wage
### (Brought on behalf of Plaintiff and the New Jersey Class)

109.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

110.    The overtime wage provisions of N.J.S.A. § 34:11-56a, *et seq.* and the supporting New Jersey Department of Labor and Workforce Development Regulations apply to Defendants and protect Plaintiff and the NJWL Class.

111.    Defendants have failed to pay Plaintiff and the NJWL Class the overtime wages to which they are entitled under the N.J.S.A. § 34:11-56a, *et seq.* and the supporting New Jersey Department of Labor and Workforce Development Regulations – at a rate of 1.5 times the full minimum wage rate – for all hours worked beyond 40 per workweek.

112.    By Defendants' knowing or intentional failure to pay Plaintiff and the NJWL Class Members overtime wages for hours worked in excess of 40 hours per week, they have willfully violated N.J.S.A. § 34:11-56a4, *et seq.* and the supporting New Jersey Department of Labor and Workforce Development Regulations.

113.    Due to Defendants' violations of the NJWL, Plaintiff and the NJWL Class Members are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective

action, or that the Court issue such notice, to all Hourly Workers who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for Brooklyn Chocolate. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Unpaid overtime wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.    Designation of Plaintiff as representative of the NY Rule 23 Class and counsel of record as Class Counsel;

E.    Designation of Plaintiff as representative of the NJ Rule 23 Class and counsel of record as Class Counsel;

F.    Unpaid overtime wages and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

G.    Unpaid overtime wages and liquidated damages permitted by law pursuant to the NJWL and the supporting New Jersey Department of Labor and Workforce Development Regulations;

H.    Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the NY Rule 23 Class with proper annual wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

I.    Statutory penalties of two hundred fifty dollars for each workday that Defendants

failed to provide Plaintiff and the NY Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

      J.      Prejudgment and post-judgment interest;

      K.     Reasonable attorneys' fees and costs of the action; and

      L.      Such other relief as this Court shall deem just and proper.

Dated: New York, New York
       June 5, 2019

Respectfully submitted,

Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Hunter G Benharris
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiff and*
*the Putative Class*

# EXHIBIT A

## FAIR LABOR STANDARDS ACT CONSENT

1.      I consent to be a party plaintiff in a lawsuit against Brooklyn Born Chocolate and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.


_____

Signature


_____

Full Legal Name (Print)