UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DARNELL MILLIN, *individually and on behalf of others similarly situated*,

                        Plaintiffs,

          - against -

BROOKLYN BORN CHOCOLATE, LLC,
THEOBROMA CHOCOLATES, LLC
MICHAEL ALTMAN individually, and
JEAN-FRANCOIS BONNET individually,

                        Defendants.
------------------------------------------------------------------X

Civil Action No. 19-cv-3346 (ENV0 (RER)

**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

       Defendants BROOKLYN BORN CHOCOLATE, LLC (hereinafter "BBC"), THEOBROMA CHOCOLATE, LLC (hereinafter "Theobroma"), MICHAEL ALTMAN (hereinafter "Bravo"), and JEAN-FRANCOIS BONNET ("Bonnet") (collectively "Defendants"), by and through their attorneys, Gordon Rees Scully Mansukhani LLP, as and for their Answer to the Complaint filed by Plaintiff DARNELL MILLIN, (hereinafter "Millin"), individually and on behalf of others similarly situated ("Plaintiff") hereby respond as follows:

### ANSWERING "NATURE OF ACTION"

       1.     Defendants neither admit nor deny the allegations set forth in paragraph "1" of the Complaint inasmuch as paragraph "1" does not contain any allegations to which Defendants must respond, except admit that Plaintiff purports to bring this action for overtime compensation and other damages on behalf of himself, and other similarly situated individuals.

       2.     Defendants deny the allegations set forth in paragraph "2" of the Complaint.

       3.     Defendants deny the allegations set forth in paragraph "3" of the Complaint.

       4.     Defendants deny the allegations set forth in paragraph "4" of the Complaint.

5.    Defendants deny the allegations set forth in paragraph "5" of the Complaint.

6.    Defendants deny the allegations set forth in paragraph "6" of the Complaint.

7.    Defendants neither admit nor deny the allegations set forth in paragraph "7" of the Complaint inasmuch as paragraph "7" does not contain any allegations to which Defendants must respond, except admit that Plaintiff purports to bring this action on behalf of himself, and other similarly situated individuals, under the Fair Labor Standards Act ("FLSA")

8.    Defendants neither admit nor deny the allegations set forth in paragraph "8" of the Complaint inasmuch as paragraph "8" does not contain any allegations to which Defendants must respond, except admit that Plaintiff purports to bring this action on behalf of himself, and other similarly situated individuals, under the New York Labor Law ("NYLL")

9.    Defendants neither admit nor deny the allegations set forth in paragraph "9" of the Complaint inasmuch as paragraph "9" does not contain any allegations to which Defendants must respond, except admit that Plaintiff purports to bring this action on behalf of himself, and other similarly situated individuals, under the New Jersey Wage and Hour Law ("NJWL")

## ANSWERING "THE PARTIES"

**Plaintiff**

**Darnell Millin**

10.    Defendants deny the allegations set forth in paragraph "10" of the Complaint, except admit that Plaintiff is an adult individual, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning his residence.

11.    Defendants deny the allegations set forth in paragraph "11" of the Complaint.

12.    The allegations set forth in paragraph "12" of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, Defendants deny the allegations set forth in paragraph "12" of the Complaint.

13.     Defendants neither admit nor deny the allegations set forth in paragraph "13" of the Complaint inasmuch as paragraph "13" does not contain any allegations to which Defendants must respond, except admit that Plaintiff purports to file a written consent form with the Complaint, which appears as an exhibit to the Complaint and which document speaks for itself.

**Defendants**

14.     Defendants deny the allegations set forth in paragraph "14" of the Complaint.

15.     Defendants deny the allegations set forth in paragraph "15" of the Complaint.

16.     The allegations set forth in paragraph "16" of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, Defendants deny the allegations set forth in paragraph "16" of the Complaint.

**Brooklyn Born Chocolate, LLC**

17.     Defendants deny the allegations set forth in paragraph "17" of the Complaint.

18.     The allegations set forth in paragraph "18" of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, Defendants deny the allegations set forth in paragraph "18" of the Complaint.

19.     The allegations set forth in paragraph "19" of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, Defendants deny the allegations set forth in paragraph "19" of the Complaint.

20.     Defendants deny the allegations set forth in paragraph "20" of the Complaint.

21.     Defendants deny the allegations set forth in paragraph "21" of the Complaint.

**Theobroma Chocolate, LLC**

22.     Defendants deny the allegations set forth in paragraph "22" of the Complaint.

23.     The allegations set forth in paragraph "23" of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, Defendants deny the allegations set forth in paragraph "23" of the Complaint.

24.     The allegations set forth in paragraph "24" of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, Defendants deny the allegations set forth in paragraph "24" of the Complaint.

25.     Defendants deny the allegations set forth in paragraph "25" of the Complaint.

26.     Defendants deny the allegations set forth in paragraph "26" of the Complaint.

**Michael Altman**

27.     Defendants deny the allegations set forth in paragraph "27" of the Complaint.

28.     Defendants admit the allegations set forth in paragraph "28" of the Complaint.

29.     Defendants deny the allegations set forth in paragraph "29" of the Complaint.

30.     Defendants deny the allegations set forth in paragraph "30" of the Complaint except admit that Plaintiff refers to Altman's LinkedIn and Facebook pages, which documents speak for themselves

31.     Defendants deny the allegations set forth in paragraph "31" of the Complaint, except admit that, at all times relevant to the Complaint, BBC and/or Theobroma enforce or and/or enforced their lawful policies concerning pay and overtime with respect to all employees, including Plaintiff.

32.     Defendants deny the allegations set forth in paragraph "32" of the Complaint.

33.     Defendants deny the allegations set forth in paragraph "33" of the Complaint.

34.     Defendants deny the allegations set forth in paragraph "34" of the Complaint.

35.     Defendants deny the allegations set forth in paragraph "35" of the Complaint.

36.    Defendants deny the allegations set forth in paragraph "36" of the Complaint.

37.    Defendants deny the allegations set forth in paragraph "37" of the Complaint.

38.    Defendants deny the allegations set forth in paragraph "38" of the Complaint.

39.    Defendants deny the allegations set forth in paragraph "39" of the Complaint.

40.    The allegations set forth in paragraph "40" of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, Defendants deny the allegations set forth in paragraph "40" of the Complaint.

**Jean-Francois Bonnet**

41.    Defendants deny the allegations set forth in paragraph "41" of the Complaint.

42.    Defendants admit the allegations set forth in paragraph "42" of the Complaint.

43.    Defendants deny the allegations set forth in paragraph "43" of the Complaint.

44.    Defendants deny the allegations set forth in paragraph "44" of the Complaint except admit that Plaintiff refers to Bonnet's LinkedIn and Facebook pages, which document speaks for itself.

45.    Defendants deny the allegations set forth in paragraph "45" of the Complaint except admit that Plaintiff refers to the Brooklyn Born Chocolate website, which document speaks for itself.

46.    Defendants deny the allegations set forth in paragraph "46" of the Complaint.

47.    Defendants deny the allegations set forth in paragraph "47" of the Complaint.

48.    Defendants deny the allegations set forth in paragraph "48" of the Complaint.

49.    Defendants deny the allegations set forth in paragraph "49" of the Complaint.

50.    Defendants deny the allegations set forth in paragraph "50" of the Complaint.

51.    Defendants deny the allegations set forth in paragraph "51" of the Complaint.

52.    Defendants deny the allegations set forth in paragraph "52" of the Complaint.

53.    Defendants deny the allegations set forth in paragraph "53" of the Complaint.

54.    The allegations set forth in paragraph "54" of the Complaint constitute legal conclusions which require neither an admission nor a denial, but to the extent a response is required, Defendants deny the allegations set forth in paragraph "54" of the Complaint.

## ANSWERING "JURISDICTION AND VENUE"

55.    The allegations set forth in paragraph "55" of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny the allegations in paragraph "55" of the Complaint, except admit that this Court has subject matter jurisdiction.

56.    The allegations set forth in paragraph "56" of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny the allegations in paragraph "56" of the Complaint, except admit that this Court has subject matter jurisdiction.

57.    The allegations set forth in paragraph "57" of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny the allegations in paragraph "57" of the Complaint.

## ANSWERING "COLLECTIVE ACTION ALLEGATIONS"

58.    Defendants deny the allegations set forth in paragraph "58" of the Complaint, except admit that Plaintiff purports to bring his FLSA claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b).

59.    Defendants deny the allegations set forth in paragraph "59" of the Complaint.

60.    Defendants deny the allegations set forth in paragraph "60" of the Complaint.

61.    Defendants deny the allegations set forth in paragraph "61" of the Complaint.

62.     Defendants deny the allegations set forth in paragraph "62" of the Complaint.

## ANSWERING "NEW YORK CLASS ACTION ALLEGATIONS"

63.     Defendants deny the allegations set forth in paragraph "63" of the Complaint, except admit that Plaintiff purports to bring his claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

64.     The allegations set forth in paragraph "64" of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny the allegations in paragraph "64" of the Complaint.

65.     Defendants deny the allegations set forth in paragraph "65" of the Complaint.

66.     The allegations set forth in paragraph "66" of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny the allegations in paragraph "66" of the Complaint.

67.     Defendants deny the allegations set forth in paragraph "67" of the Complaint.

68.     The allegations set forth in paragraph "68" of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the Complaint.

69.     The allegations set forth in paragraph "69" of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "69" of the Complaint.

70.     The allegations set forth in paragraph "70" of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny the allegations in paragraph "70" of the Complaint.

71.     The allegations set forth in paragraph "71(a)-(d)" of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny the allegations in paragraph "71(a)-(d)" of the Complaint.

### ANSWERING "NEW JERSEY CLASS ACTION ALLEGATIONS"

72.     Defendants deny the allegations set forth in paragraph "72" of the Complaint, except admit that Plaintiff purports to bring his claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

73.     The allegations set forth in paragraph "73" of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny the allegations in paragraph "73" of the Complaint.

74.     Defendants deny the allegations set forth in paragraph "74" of the Complaint.

75.     The allegations set forth in paragraph "75" of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny the allegations in paragraph "75" of the Complaint.

76.     Defendants deny the allegations set forth in paragraph "76" of the Complaint.

77.     The allegations set forth in paragraph "77" of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the Complaint.

78.     The allegations set forth in paragraph "78" of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "78" of the Complaint.

79.     The allegations set forth in paragraph "79" of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny the allegations in paragraph "79" of the Complaint.

80.     The allegations set forth in paragraph "80 and 80(e)" of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny the allegations in paragraph "80 and 80(e)" of the Complaint.

## ANSWERING "PLAINTIFF'S FACTUAL ALLEGATIONS"

## VIOLATION OF THE MINIMUM PROVISIONS OF THE FLSA

81.     Defendants deny the allegations set forth in paragraph "81" of the Complaint.

**Darnell Millin**

82.     Defendants deny the allegations set forth in paragraph "82" of the Complaint.

83.     Defendants deny the allegations set forth in paragraph "83" of the Complaint.

84.     Defendants deny the allegations set forth in paragraph "84" of the Complaint.

85.     Defendants deny the allegations set forth in paragraph "85" of the Complaint.

86.     Defendants deny the allegations set forth in paragraph "86" of the Complaint.

87.     Defendants deny the allegations set forth in paragraph "87" of the Complaint.

88.     Defendants deny the allegations set forth in paragraph "88" of the Complaint.

89.     The allegations set forth in paragraph "89" of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny the allegations in paragraph "89" of the Complaint.

90.     The allegations set forth in paragraph "90" of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny the allegations in paragraph "90" of the Complaint.

## ANSWERING "FIRST CAUSE OF ACTION"
**Fair Labor Standards Act-Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

91.    In response to paragraph "91" of the Complaint, Answering Defendants repeat and reaffirm each and every response made in paragraphs "1" through "90" as if fully set forth herein.

92.    The allegations set forth in paragraph "92" of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny the allegations in paragraph "92" of the Complaint.

93.    Defendants deny the allegations set forth in paragraph "93" of the Complaint.

94.    Defendants deny the allegations set forth in paragraph "94" of the Complaint.

95.    Defendants deny the allegations set forth in paragraph "95" of the Complaint.

## ANSWERING "SECOND CAUSE OF ACTION"

**New York Labor Law-Overtime Wages**
**(Brought on behalf of Plaintiff and the New York Class)**

96.    In response to paragraph "96" of the Complaint, Answering Defendants repeat and reaffirm each and every response made in paragraphs "1" through "95" as if fully set forth herein.

97.    The allegations set forth in paragraph "97" of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny the allegations in paragraph "97" of the Complaint.

98.    Defendants deny the allegations set forth in paragraph "98" of the Complaint.

99.    Defendants deny the allegations set forth in paragraph "99" of the Complaint.

<u>**ANSWERING "THIRD CAUSE OF ACTION"**</u>
**New York Labor Law- Spread of Hours Pay**
**(Brought on behalf of Plaintiff and the New York Class)**

100.    In response to paragraph "100" of the Complaint, Answering Defendants repeat and reaffirm each and every response made in paragraphs "1" through "99" as if fully set forth herein.

101.    Defendants deny the allegations set forth in paragraph "101" of the Complaint.

102.    Defendants deny the allegations set forth in paragraph "102" of the Complaint.

<u>**ANSWERING "FOURTH CAUSE OF ACTION"**</u>
**New York Labor Law- Failure to Provide Proper Annual Wage Notices**
**(Brought on behalf of Plaintiff and the New York Class)**

103.    In response to paragraph "103" of the Complaint, Answering Defendants repeat and reaffirm each and every response made in paragraphs "1" through "102" as if fully set forth herein.

104.    The allegations set forth in paragraph "104" of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny the allegations in paragraph "104" of the Complaint.

105.    The allegations set forth in paragraph "105" of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny the allegations in paragraph "105" of the Complaint.

<u>**ANSWERING "FIFTH CAUSE OF ACTION"**</u>
**New York Labor Law- Failure to Provide Accurate Wage Statements**
**(Brought on behalf of Plaintiff and the New York Class)**

106.    In response to paragraph "106" of the Complaint, Answering Defendants repeat and reaffirm each and every response made in paragraphs "1" through "105" as if fully set forth herein.

107.    The allegations set forth in paragraph "107" of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny the allegations in paragraph "107" of the Complaint.

108.    The allegations set forth in paragraph "108" of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny the allegations in paragraph "108" of the Complaint.

## ANSWERING "SEVENTH CAUSE OF ACTION"
### New Jersey Wage and Hour Law- Overtime Wage
### (Brought on behalf of Plaintiff and the New Jersey Class)

109.    In response to paragraph "109" of the Complaint, Answering Defendants repeat and reaffirm each and every response made in paragraphs "1" through "108" as if fully set forth herein.

110.    The allegations set forth in paragraph "110" of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny the allegations in paragraph "110" of the Complaint.

111.    Defendants deny the allegations set forth in paragraph "111" of the Complaint.

112.    Defendants deny the allegations set forth in paragraph "112" of the Complaint.

113.    Defendants deny the allegations set forth in paragraph "113" of the Complaint.

## ANSWERING "PRAYER FOR RELIEF"

114.    The paragraphs immediately following paragraph "114" of the Complaint state requests for relief to which no responsive pleading is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

115.    Defendants deny each and every allegation set forth in the Complaint not expressly admitted herein

## AFFIRMATIVE AND OTHER DEFENSES

116.    Defendants assert the following defenses and affirmative defenses, as the latter are defined in Rule 8(c) of the Federal Rules of Civil Procedure, without assuming any burden of proof Defendants do not have as a matter of law. These defenses may also apply to the claims of some or all of the purported FLSA Class, New York Class and New Jersey Class

## AS AND FOR A FIRST DEFENSE

117.    The Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

118.    Defendants Michael Altman and Jean-Francois Bonnet are not proper defendants in this action as they were not Plaintiff's "employer" within the scope of the FLSA, NYLL and/or NJWL.

## AS AND FOR A THIRD DEFENSE

119.    To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), and/or any other applicable statutes of limitation, such claims by Plaintiff and/or the purported class of allegedly similarly-situated persons are barred.

## AS AND FOR A FOURTH DEFENSE

120.    Plaintiff's claims are barred by the doctrines of laches, unclean hands, estoppel (including judicial estoppel), collateral estoppel, res judicata, accord and satisfaction, payment and release, consent, and/or waiver.

## AS AND FOR A FIFTH DEFENSE

121.    Plaintiff is not entitled to any relief under the FLSA, the NYLL and the NJWL because he was fully, properly and justly compensated for all of the time that he was suffered or permitted to work under the applicable statutes.

## AS AND FOR A SIXTH DEFENSE

122.    Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupments, or offsets permissible under the FLSA, NYLL and/or NJWL.

## AS AND FOR A SEVENTH DEFENSE

123.    Defendants, at all times, acted in good faith, with a lack of willfulness or intent to violate the FLSA or any other statutes cited in the Complaint, and so, Plaintiff cannot establish a willful violation under Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a). As such, only a two-year statute of limitations should apply under the FLSA and Defendants assert good faith and lack of willfulness as a defense to any claim by Plaintiff for liquidated damages under the FLSA, NYLL and/or NJWL.

## AS AND FOR AN EIGHTH DEFENSE

124.    Plaintiff's claims are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith, in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

## AS AND FOR A NINTH DEFENSE

125.    Plaintiff's claims are barred, in whole or in part, by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith, and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA, the New York State Labor Law or the New Jersey Wage and Hour Law.

## AS AND FOR A TENTH DEFENSE

126.    This case may not be maintained as a collective action because Plaintiff is not similarly situated to the other individuals he purports or otherwise seeks to represent.

## AS AND FOR A ELEVENTH DEFENSE

127.    This case is not appropriate for collective action certification because Plaintiff's interests are in conflict with the interests of the putative collective action members Plaintiff purports to represent.

## AS AND FOR A TWELFTH DEFENSE

128.    This case is not appropriate for collective action certification because Plaintiff's interests are in conflict with the interests of all or certain sub-groups of the members of the alleged class of persons that Plaintiff purports to represent, the existence of which is expressly denied.

## AS AND FOR AN THIRTEENTH DEFENSE

129.    This action may not be maintained as a collective action because Plaintiff is not an adequate representative for the putative collective action and, as such, the Court should not authorize notice to be issued or a collective action to be maintained under the FLSA.

## AS AND FOR A FOURTEENTH DEFENSE

130.    Plaintiff's class allegations must be dismissed because an independent and individual analysis of each putative class member's claims and each of Defendants' defenses to such claims is required.

## AS AND FOR A FIFTEENTH DEFENSE

131.    Plaintiff's Rule 23 class claims are incompatible with his Rule 216(b) collective action claims. Accordingly, this Court should dismiss Plaintiff's Rule 23 class allegations with prejudice and allow Plaintiff to assert his state law wage and hour claims under the NYLL and NJWL on an individual basis in this action.

## AS AND FOR A SIXTEENTH DEFENSE

132.    Some or all of the claims in the Complaint may be subject to the de minimis rule, 29 C.F.R. § 785.47, because they involve insignificant amounts of overtime.

## AS AND FOR A SEVENTEENTH DEFENSE

133.    Plaintiff is precluded from obtaining injunctive relief, either in whole or in part, because Plaintiff has not and cannot allege or prove that irreparable harm will result if injunctive relief is denied.

## AS AND FOR AN EIGHTEENTH DEFENSE

134.    Neither liquidated damages nor attorneys' fees may be awarded under NYLL § 198 on a claim for spread of hours pay because spread of hours pay is neither a wage nor a wage supplement.

## AS AND FOR A NINETEENTH DEFENSE

135.    Plaintiff cannot prove any uniform policy or practice in violation of state or federal law.

## AS AND FOR A TWENTIETH DEFENSE

136.    If Plaintiff suffered any damages as a result of the matters alleged in the Complaint, such damages were caused in whole or in part by Plaintiff's own culpable conduct, including, without limitation, Plaintiff's failure to inform his supervisor of all time worked or complain to the Defendants about any purported violations of applicable wage and hour laws, whether due to allegedly unpaid overtime wages or otherwise.  Any judgment recovered by Plaintiff must be reduced in proportion to the extent that his culpable conduct contributed to the alleged damages or that Plaintiff failed, refused and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

## AS AND FOR A TWENTY-FIRST DEFENSE

137.    Supplemental or pendant jurisdiction should not be exercised over any of the claims alleged in the Complaint.

## AS AND FOR A TWENTY-SECOND DEFENSE

138.    Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary or post-liminary to their principal activities.

## AS AND FOR A TWENTY-THIRD DEFENSE

139.    Any claim for additional compensation by Plaintiff must be reduced by compensation already paid to Plaintiff for periods not compensable under the FLSA, NYLL and/or NJWL.

## AS AND FOR A TWENTY-FOURTH DEFENSE

140.    Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by the Defendants.

## AS AND FOR A TWENTY-FIFTH DEFENSE

141.    Some or all of Plaintiff's injuries are or may be due, in whole or in part, to the actions of third parties over whom Defendants had no control and/or whose actions cannot be imputed to Defendants as a matter of law.

## AS AND FOR A TWENTY-SIXTH DEFENSE

142.    Plaintiff's claims are barred to the extent that none of the Defendants are an "enterprise" nor an "enterprise engaged in commerce" under the FLSA.

## AS AND FOR A TWENTY-SEVENTH DEFENSE

143.     At no point was Plaintiff "engaged in commerce or in the production of goods for commerce," and, therefore, their claims are not subject to the "individual coverage" provisions of the FLSA.

## AS AND FOR A TWENTY-EIGHTH DEFENSE

144.     Plaintiff was provided with all required information, notices and materials in accordance with the FLSA, NYLL and NJWL, or, in the alternative, at all times, Defendants reasonably believed in good faith that they provided Plaintiff with adequate notice of wage information, including that which is required pursuant to the FLSA, NYLL § 195(1) and the NJWL.

## AS AND FOR A TWENTY-NINTH DEFENSE

145.     To the extent that Defendants did not provide Plaintiff with the requisite notices and wage statements pursuant to the provisions of NYLL § 195(1) and § 195(3), Defendants are not liable for a mere technical violation of NYLL § 195(1) and § 195(3) because Defendants made complete and timely payments of all wages due to the Plaintiff at an amount equal to or above the minimum wage throughout each Plaintiff's period of employment with the Defendants, under Article 6 or Article 19 or Article 19-A of the New York Labor Law. As such, Plaintiff suffered no actual injury as a result of any alleged failure by the Defendants to give Plaintiff the required notices. *See* Labor Law § 198 (1-b) and (1-d); 12 NYCRR 146-2.2(a); *See Ahmed v. Morgans Hotel Grp. Mgmt., LLC*, 55 N.Y.S.3d 691, 2017 N.Y. Misc. LEXIS 638 at *15 (N.Y. Sup. Ct. Feb 27, 2017) *affirmed by Ahmed v. Morgan's Hotel Group Mgt., LLC*, 2018 N.Y. App. Div. LEXIS 2687 (N.Y. App. Div. 1st Dep't, Apr. 19, 2018).

**AS AND FOR A THIRTIETH DEFENSE**

146.    Plaintiff has voluntarily or involuntarily waived their rights, to the extent they had such rights, to sue for back wages under the FLSA, NYLL and NJWL.

**AS AND FOR A THIRTY-FIRST DEFENSE**

147.    At all relevant times hereto, Plaintiff's compensation has been paid in accordance with each and every provision of the FLSA, NYLL and NJWL.

**AS AND FOR A THIRTY-SECOND DEFENSE**

148.    This action may not be maintained as a class action to the extent Plaintiff is not similarly situated to the individuals in the purported class they otherwise seek to represent and/or have otherwise failed to satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

**AS AND FOR A THIRTY-THIRD DEFENSE**

149.    Plaintiff's claims may be barred in whole or in part by a prior administrative proceeding before the United States Department of Labor, New York State Department of Labor, New Jersey Department of Labor and/or any other administrative agency.

**AS AND FOR A THIRTY-FOURTH DEFENSE**

150.    If Plaintiff succeeds in establishing any violation under the FLSA, NYLL or NJWL, and to the extent any sums are found due and owing to Plaintiff, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered,

waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiff over and above their wages.

## AS AND FOR A THIRTY-FIFTH DEFENSE

151.    Plaintiff has not suffered any legally cognizable damages.

## AS AND FOR A THIRTY-SIXTH DEFENSE

152.    This case is not appropriate for class action certification because certain of Plaintiff's interests or the proposed class are in conflict with the interests of all or some of the putative class members Plaintiff purports to represent.

## AS AND FOR A THIRTY-SEVENTH DEFENSE

153.    Some or all of Plaintiff's claims are barred in whole or in part because it would result in a double recovery under one or more of the FLSA, NYLL and NJWL.

## AS AND FOR A THIRTY-EIGHTH DEFENSE

154.    Defendants affirmatively and specifically pleads each and every defense, limitation, and immunity provided under either the FLSA, NYLL and NJWL.

## AS AND FOR A THIRTY-NINTH DEFENSE

155.    In addition to the foregoing defenses, Defendants reserve the right to amend their Answer to the Complaint to raise any and all additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiff or any putative class member who joins this action as those claims become known during this litigation.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint in its entirety with prejudice, and granting such other and further relief, including attorneys' fees and costs that this Court deems just and proper.

Dated: New York, New York
      August 12, 2019

                            Respectfully submitted,

                            GORDON REES SCULLY
                            MANSUKHANI  LLP

By:    /s/ FRANCIS J. GIAMBALVO
        Mercedes Colwin
        Francis J. Giambalvo
        One Battery Park Plaza, 28th Floor
        New York, NY 10004
        *Attorneys for Defendants*

cc:    All Counsel of Record (*via ECF*)

22