FRANCIS J. GIAMBALVO
FGIAMBALVO@GRSM.COM



ATTORNEYS AT LAW
1 BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NY 10004
PHONE: (212) 269-5500
FAX: (212) 269-5505
WWW.GRSM.COM

January 6, 2020

<u>VIA ECF</u>

Hon. Ramon E. Reyes, Jr.
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   *Darnell Millin v. Brooklyn Born Chocolate, et al*
             <u>Civil Action No. 19 Civ. 3346 (ENV) (RER)</u>

Dear Judge Reyes:

      This firm represents defendants, Brooklyn Born Chocolate, LLC, Theobroma Chocolates, LLC (together, "BBC"), Michael Altman and Jean-Francois Bonnet (all collectively, "Defendants") in connection with the above-referenced matter. Defendants write in opposition to Plaintiff's Letter Motion Seeking Leave to File a Motion for Conditional Certification under the FLSA (ECF No. 20) ("Letter Motion").

      In the Letter Motion, Plaintiff purports to conditionally certify a collection action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b). ("FLSA") consisting of "Hourly Workers" employed by BBC for a six year period (from June 5, 2013 to the present) who were not paid overtime.

      To conditionally certify a collective action under the FLSA, Plaintiff must show that he is "similarly situated" with members of the putative collective by making a modest factual showing that he and putative collective members were victims of a common policy or plan that violated the FLSA. *See* 29 U.S.C. § 216(b); *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010). Plaintiff must show that there is a factual nexus between his situation and the situation of putative collective members. *Myers*, 624 F.3d at 554 *citing Hoffmann v. Sbarro, Inc.,* 982 F.Supp. 249, 260 (S.D.N.Y. 1997)); *Cruz v. Lyn-Rog Inc.*, 754 F. Supp. 2d 521, 524 (E.D.N.Y. 2010) *(quoting Sexton v. Franklin First Fin., Ltd.*, No. 08-cv-04950 (JFB) (ARL), 2009 U.S. Dist. LEXIS 50526, at *9 (E.D.N.Y. June 16, 2009) (holding that conditional certification may only be granted where a plaintiff proffers "substantial allegations that the putative class members were together the victims of a single decision, policy or plan."). To show that there is a factual nexus, Plaintiff cannot rely on conclusory or unsupportable allegations, but instead must set forth factual assertions. *See Greene v. C.B. Holding Corp.*, No. 10-cv-1094 (JBW), 2010 U.S. Dist. LEXIS 90795, at *9

January 6, 2020
Page 2

(E.D.N.Y. Aug. 12, 2010) ("A plaintiff must provide evidence of a factual nexus between his situation and those of claimants similarly situated; mere conclusory allegations are not enough."); *Prizmic v. Armour, Inc.,* No. 05-CV-2503 (DLI) (MDG), at *7 (E.D.N.Y. June 12, 2006) (stating that a representative plaintiff "must provide actual evidence of a factual nexus between his situation and those that he claims are similarly situated rather than mere conclusory allegations."); *See Morales v. Plantworks, Inc.,* No. 05-cv-2349 (DC), 2006 U.S. Dist. LEXIS 4267, at *6-7 (S.D.N.Y. Feb. 2, 2006) (finding insufficient a "conclusory allegation" in a complaint that other employees were not paid minimum wage or overtime pay); *Khan v. Airport Management Servs., Inc.*, No. 10-cv-7735 (NRB), 2011 U.S. Dist. LEXIS 133134, at *13-14 (S.D.N.Y. Nov. 16, 2011) (denying conditional certification because plaintiff relied exclusively on conclusory allegations); *Levinson v. Primedia, Inc.*, No. 02 Civ. 2222 (CBM), 2003 U.S. Dist. LEXIS 20010, at *4-5 (S.D.N.Y. Nov. 6, 2003) (denying conditional certification where plaintiffs merely alleged that they were not paid overtime or the minimum wage, but provided no factual evidence other than their own conjecture that other employees suffered from the same unlawful pay practices); *Silva v. Calle 8, LLC*, No. 2012-cv-677 (ERK)(MDG), 2013 U.S. Dist. LEXIS 171696 at *7-8. 10-11 (E.D.N.Y. Dec. 5, 2013) (denying conditional certification where plaintiff makes only general, unsupported, conclusory allegations that he and other employees were denied overtime compensation, rather than actual evidence of a factual nexus between his situation and those that he claims are similarly situated.). As such, "'certification is not automatic'" and a plaintiff's mere "[c]onclusory allegations are not enough to satisfy this burden." *Romero v. H.B. Automotive Group., Inc.*, No. 11-cv-386 (CM), 2012 U.S. Dist. LEXIS 61151 at *27 (S.D.N.Y. May 1, 2012).

Here, Plaintiff, an alleged maintenance worker employed by BBC, claims that Defendants failed to provide him and other Hourly Workers overtime compensation even though they worked over forty (40) hours per week. See Cmpl. at ¶1, 5, 6, 60, 62. In the Letter Motion, Plaintiff states that his anticipated motion for conditional certification is based on Defendants use of centralized wage and hour policies and practices to deprive Hourly Workers of overtime compensation when they worked over forty (40) hours per week. In both the Complaint and Letter Motion, Plaintiff conjures up nothing more than vague, generalized and conclusory allegations, or, alternatively, unsubstantiated conjecture, in support of his request for conditional certification. Indeed, while Plaintiff provided information about his own employment with BBC, he has not provided a single fact, let alone the requisite substantial facts, concerning employment circumstances of any other person, other than himself, or facts sufficient to demonstrate that there are other similarly situated employees who were subjected to the same supposedly unlawful employment practice about which Plaintiff complains, the denial of overtime compensation. Instead, without any factual basis, Plaintiff assumes that because he claims Defendants violated the FLSA with respect to his employment, they must have done so with respect to his co-workers. It is well settled that this falls far short of satisfying even the modest standards for conditional certification. *See Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 481 (S.D.N.Y. 2016) (plaintiffs must offer something of evidentiary value to demonstrate that similarly situated employees exist and, where plaintiffs fail to meet this minimal requirement, their motion for conditional certification must be denied); *see Qing Gu v. T.C. Chikurin, Inc.*, No. cv-2013-2322 (SJ) (MDG), 2014 U.S. Dist. LEXIS 53813, 2014 WL 1515877, at *10 (E.D.N.Y. Apr. 17, 2014) (denying conditional certification where "[p]laintiffs make only general allegations that other employees of defendants were denied minimum wage and overtime compensation."); *see Guan Ming Lin v. Benihana Nat'L Corp.*, 755 F. Supp. 2d 504, 510 (S.D.N.Y. 2010) (denying conditional certification due to lack of factual

January 6, 2020
Page 3

allegations showing other employees similarly situated); *See Zheng v. Good Fortune Supermarket Grp. (USA), Inc.,* No. 13-cv-60 (ILG), 2013 U.S. Dist. LEXIS 130673, at *17 (E.D.N.Y. Sep. 12, 2013) (court cannot conclude that plaintiff is similarly situated to other clerks where plaintiff does not identify a single employee who purportedly suffered from or knew of a practice or policy denying employees overtime); *Flores v. Osaka Health Spa, Inc.,* No. 05-cv-962 (VM) (KNF), 2006 U.S. Dist. LEXIS 11378, at *6-8 (S.D.N.Y. Mar. 16, 2006) (denying conditional certification and noting that plaintiff did not provide any facts to establish the basis for her belief that others were similarly situated to her); *Levinson*, 2003 U.S. Dist. LEXIS 20010, at *5 (denying conditional certification because, among other things, plaintiffs "fail to support [their] legal conclusion with a factual showing that extends beyond their own circumstances.").[1]

Plaintiff has not established the necessary factual nexus that he and the putative collective are similarly situated. Indeed, the Letter Motion demonstrates that Plaintiff is a lone wolf, as he had not proffered facts that extend beyond his individual allegations and no individual has filed a consent to sue form or joined the collective action since the Complaint was filed more than six (6) months ago. As such, the Letter Motion should be denied. [2]

                                                 Respectfully submitted,

                                                 *FRANCIS J. GIAMBALVO*

                                                 Francis J. Giambalvo

cc:      All Counsel of Record *(via ECF)*

---

[1] Plaintiff ostensibly intends to rely only his own affidavit and complaint in the motion to conditionally certify a class. While Plaintiff is correct that some courts in this circuit have conditionally certified a class based solely on the personal observations of a single plaintiff, the cases cited by Plaintiff are distinguishable. In each of those cases, the plaintiff proffered concrete facts or probative information regarding other similarly situated employees who were subjected to a common plan or scheme by the employer to violate the FLSA. Here, there is no probative information or concrete facts alleged in the Complaint or proffered in the Letter Motion which would warrant leave for Plaintiff to file a motion for conditional certification. *See Gomez v. Kitchenette 123 Inc.,* No. 16-CV-3302 (AJN), 2017 U.S. Dist. LEXIS 155257, 2017 WL 4326071, at *4 (S.D.N.Y. Sept. 5, 2017) ("when a plaintiff submits only one affidavit, without corroboration, the level of detail in that affidavit becomes particularly important")

[2] Defendants reserve their right to seek, in the alternative, collective limited to maintenance workers like Plaintiff or oppose Plaintiff's request for a six-year notice period in a formal opposition to a formal motion if the Court grants leave for Plaintiff to file a motion for conditional certification. Although Defendants deny willfulness, Defendants acknowledge that for purposes of issuing a collective action notice under the FLSA where a plaintiff also brings claims under the New York Labor Law, the more recent trend is to approve a three-year notice period to avoid the confusion caused by notifying plaintiffs who potentially have two disparate claims with different statutes of limitations, along with the inefficiency of providing notice to plaintiffs whose claims may well be time-barred or who are not eligible to opt-on to the FLSA collective action, particularly where the instant motion seeks certification only with respect to Plaintiff's FLSA claims and Plaintiffs have not yet moved for class certification of their NYLL claims pursuant to F.R.C.P 23. *Gurrieri v. Cnty. of Nassau*, No. 16-CV-6983 (ADS)(SIL), 2019 U.S. Dist. LEXIS 87146, at *27.