UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                     :

DARNELL MILLIN, individually and on behalf  :    19 Civ. 03346 (ENV) (RER)
of others similarly situated,                  :
                                     :

               Plaintiff,           :
                                     :

      -against-                   :
                                     :    <u>ECF CASE</u>

BROOKLYN BORN CHOCOLATE, LLC    :
THEOBROMA CHOCOLATES, LLC,       :
MICHAEL ALTMAN, individually, and    :
JEAN-FRANCOIS BONNET, individually   :
                                     :

              Defendants.        :
                                     :
------------------------------------------------------------------X

## <u>DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION</u>

GORDON REES SCULLY MANSUKHANI, L.L.P.
*Attorneys for Defendants*
One Battery Park Plaza, 28th Floor
New York, New York 10004
(212) 269-5500

On the brief:
    Francis J. Giambalvo, Esq.

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ......................................................................................................1

ARGUMENT .................................................................................................................................4

I.       PLAINTIFF'S MOTION FOR COLLECTIVE ACTION CONDITIONAL
CERTIFICATION UNDER 29 U.S.C. § 216(B) SHOULD BE DENIED ...................................4

A.       Legal Standard ....................................................................................................................4

B.       Plaintiff Fails to Satisfy Even the Modest Factual Showing Under the     Similarly
Situated Standard That Is Required for Conditional Certification........................................5

II.      PLAINTIFF'S CLAIMS REQUIRE AN INDIVIDUALIZED INQUIRY
INAPPROPRIATE FOR COLLECTIVE ACTION TREATMENT.............................................15

III.     PLAINTIFF'S PROPOSED COURT AUTHORIZED NOTICE CONTAINS
NUMEROUS DEFECTS ............................................................................................................16

A.       Plaintiff's Proposed Collective Action is Overbroad.......................................................16

B.       Opt-In Notice Period Should be Limited to 60 days.........................................................17

C.       Failure to Notify Opt-Ins That They May Have Obligations to Participate in the
Discovery Process .............................................................................................................17

D.       Failure to Include Contact Information for Defendant's Counsel ....................................18

E.       Information Sought About Potential Opt-Ins and Method of Dissemination of
Notice is Overbroad ..........................................................................................................18

F.       Six Year Notice Period Not Appropriate .........................................................................19

IV.      THE STATUTE OF LIMITATIONS SHOULD NOT BE TOLLED .............................21

CONCLUSION............................................................................................................................23

i

# TABLE OF AUTHORITIES

**Cases**

*AIU Ins. Co. v. TIG Ins. Co.* No. 07 Civ. 7052 (SHS) (HBP), 2012 U.S. Dist. LEXIS 187257, 2012 WL 8138275 (S.D.N.Y. Aug. 16, 2012) .............................................................12

*Ali v. New York City Health & Hosps. Corp.*, No. 11 Civ. 6393 (PAC), 2013 U.S. Dist. LEXIS 44091 (S.D.N.Y. Mar. 27, 2013) ...........................................................................6

*Alvarez v. Schnipper Rests. LLC*, 16 Civ. 5779 (ER), 2017 U.S. Dist. LEXIS 204596 (S.D.N.Y. Dec. 11, 2017)...........................................................................................22

*Belvin v. Electchester Mgmt. LLC*, No. 15 Civ. 04924(KAM)(PK), 2020 U.S. Dist. LEXIS 15914 (E.D.N.Y. Jan. 30, 2020) ..........................................................................12

*Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14 Civ. 3624 (RJS), 2015 U.S. Dist. LEXIS 90616 (S.D.N.Y. July 13, 2015)..........................................................................19

*Boutique of America, Inc.*, No. 04 Civ. 0840E (Sr), 2005 U.S. Dist. LEXIS 30382 (W.D.N.Y. Oct. 13, 2005)...........................................................................................15

*Castillo v. Perfume Worldwide Inc.*, No. 17 Civ. 2972 (JS) (AKT), 2018 U.S. Dist. LEXIS 54573 (E.D.N.Y. Mar. 30, 2018)........................................................................17

*Cid v. J.T. Auto & Body Shop, Inc.*, 18 Civ. 9284, 2020 U.S. Dist. LEXIS 17321 (S.D.N.Y. Jan. 30, 2020)............................................................................................12

*Contrera v. Langer,* 278 F. Supp. 3d 702  (S.D.N.Y. 2017) .................................................23

*Cruz v. Lyn-Rog Inc.*, 754 F. Supp. 2d 521 (E.D.N.Y. 2010)..............................................4

*Dai v. Lychee House, Inc.,* No. 17 Civ. 6197 (DF), 2018 U.S. Dist. LEXIS 151168 (S.D.N.Y. Aug. 29, 2018) ...........................................................................................23

*D'Anna v. M/A-COM, Inc.*, 903 F. Supp. 889 (D. Md. 1995)...............................................5

*Diaz v. Elec. Boutique of America, Inc., No. 04 Civ. 0840E (Sr), 2005 U.S. Dist. LEXIS 30382, at \*16 (W.D.N.Y. Oct. 13, 2005)* ................................................................15

*Eng-Hatcher v. Sprint Nextel Corp.,* No. 07 Civ. 7350 (BSJ), 2009 U.S. Dist. LEXIS 127262 (S.D.N.Y. Nov. 13, 2009) ..................................................................7, 11

*Fernandez v. Sharp Mgmt. Corp.*, No. 16 Civ. 0551 (JGK) (SN), 2016 U.S. Dist. LEXIS 141916 (S.D.N.Y. Oct. 13, 2016) .....................................................................10

*Franze v. Bimbo Foods Bakeries Distribution, LLC*, No. 17 Civ. 03556(NSR)(JCM), 2019 U.S. Dist. LEXIS 54426 (S.D.N.Y. Mar. 29, 2019) .......................................19

ii

*Fu v. Mee May Corp.*, 15 Civ. 4549 (KPF), 2016 U.S. Dist. LEXIS 53199 (S.D.N.Y. Apr. 20, 2016) ...................................................................................................6

*Garcia v. Chipotle Mexican Grill, Inc.*, No. 16 Civ. 601 (ER), 2016 U.S. Dist. LEXIS 153531 (S.D.N.Y. Nov. 4, 2016) ...........................................................21

*Genxiang Zhang v. Hiro Sushi at Ollie's Inc.*, No. 17 Civ. 7066 (DF), 2019 U.S. Dist. LEXIS 22745 (S.D.N.Y. Feb. 5, 2019) ..........................................12

*Gomez v. Kitchenette 123 Inc.*, No. 16-Civ. 3302 (AJN), 2017 U.S. Dist. LEXIS 155257 (S.D.N.Y. Sept. 5, 2017) ...................................................11

*Gordon v. Kaleida Health*, No. 08 Civ. 378S, 2009 U.S. Dist. LEXIS 95729 (W.D.N.Y. Oct. 14, 2009)..................................................................18

*Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469 (S.D.N.Y. 2010) .......................................5

*Hernandez v. Immortal Rise, Inc.,* No. 11 Civ. 4360 (RRM) (LB), 2012 U.S. Dist. LEXIS 136556 (E.D.N.Y. Sep. 24, 2012) ................................................17, 20

*Hoffmann v. Sbarro, Inc.*, 982 F.Supp. 249 (S.D.N.Y. 1997) ...................................................4, 21

*Huertero-Morales v. Raguboy Corp.,* No. 17 Civ. 2429, 2017 U.S. Dist. LEXIS 147788 (S.D.N.Y. Sept. 12, 2017) ................................................................7, 8, 9

*Iavorski v. United States I.N.S.*, 232 F.3d 124, 129 (2d Cir. 2000) ...............................................21

*Islam v. LX Ave. Bagels, Inc.,* 18 Civ. 04895 (RA) (RWL), 2019 U.S. Dist. LEXIS 173744 (S.D.N.Y. Sep. 30, 2019) ............................................................11

*Karvaly v. eBay, Inc.*, 245 F.R.D. 71, 91 (E.D.N.Y. 2007) .........................................................18

*Khan v. Airport Mgmt. Servs., LLC*, 10 Civ. 7735 (NRB), 2011 U.S. Dist. LEXIS 133134 (S.D.N.Y. Nov. 16, 2011) .........................................................7, 8, 11

*Lijun Geng v. Shu Han Ju Rest. II Corp.*, No. 18 Civ. 12220 (PAE) (RWL), 2019 U.S. Dist. LEXIS 154246 (S.D.N.Y. Sep. 6, 2019) ......................................18

*Lora v. To-Rise, LLC*, No. 16 Civ. 3604 (RRM) (ST), 2017 U.S. Dist. LEXIS 112644 (E.D.N.Y. July 18, 2017) ...............................................................10

*Lujan v. Cabana Mgmt., Inc.*, No. 10 Civ. 755 (ILG), 2011 U.S. Dist. LEXIS 9542 (E.D.N.Y. Feb. 1, 2011) ................................................................20

*Mark v. Gawker Media LLC*, No. 13 Civ. 4347, 2014 U.S. Dist. LEXIS 155424 (S.D.N.Y. Nov. 3, 2014) .................................................................22

*McBeth v. Gabrielli Truck Sales, Ltd.*, 768 F. Supp. 2d 396 (E.D.N.Y. 2011) ............................20

*Mike v. Safeco Ins. Co. of America*, 274 F. Supp.2d 216 (D.Conn. 2003) .....................................15

*Miller v. International Tel. & Tel. Corp.*, 755 F.2d 20 (2d Cir. 1985)...........................................23

*Mongiove v. Nate's Corp.*, No. 15 Civ. 1024 (NGG) (RML), 2016 U.S. Dist. LEXIS
    16878 (E.D.N.Y. Feb. 9, 2016)........................................................................................20

*Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54 (E.D.N.Y 2011) .................................................17

*Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010). ......................................................................4

*Prizmic v. Armour, Inc.*, No. 05 Civ. 2503 (DLI) (MDG), 2006 U.S. Dist. LEXIS 42627
    (E.D.N.Y. June 12, 2006)..................................................................................................5

*Qi Zhang v. Bally Produce, Inc.*, No. 12 Civ. 1045 (FB) (JMA), 2013 U.S. Dist. LEXIS
    57544 (E.D.N.Y. Apr. 22, 2013)......................................................................................10

*Qian Xiong Lin v. DJ's Int'l Buffet,* No. 17 Civ. 4994 (JS)(AYS), 2019 U.S. Dist. LEXIS
    193947 (E.D.N.Y. Nov. 7, 2019) ......................................................................................22

*Qing Gu v. T.C. Chikurin, Inc.*, No. 13 Civ. 2322 (SJ) (MDG), 2014 U.S. Dist. LEXIS
    53813 (E.D.N.Y. Apr. 17, 2014)........................................................................................6

*Reyes v. Nidaja, LLC*, No. 14 Civ. 9812 (RWS), 2015 U.S. Dist. LEXIS 101728
    (S.D.N.Y. Aug. 3, 2015) ..............................................................................................4, 6

*Romero v. H.B. Automotive Group., Inc.* No. 11 Civ. 386 (CM), 2012 U.S. Dist. LEXIS
    61151 (S.D.N.Y. May 1, 2012).........................................................................................4

*Sanchez*, 2014 U.S. Dist. LEXIS 14980 (S.D.N.Y. Jan. 27, 2014) ................................................6

*Sexton v. Franklin First Fin., Ltd.,* No. 08 Civ. 04950 (JFB) (ARL), 2009 U.S. Dist.
    LEXIS 50526 (E.D.N.Y. June 16, 2009) ..........................................................................4

*She Jian Guo v. Tommy's Sushi Inc.*, No. 14 Civ. 3964 (PAE), 2014 U.S. Dist. LEXIS
    147981 (S.D.N.Y. Oct. 16, 2014) ...................................................................................17

*State v. Saavedra,* 433 N.J. Super. 501, 506, 81 A.3d 693 (Super. Ct. App. Div. 2013)..............13

*Tutein v. Esteemed Patrol Inc.*, No. 12 Civ. 1847 (KAM) (RER), 2013 U.S. Dist. LEXIS
    186527 (E.D.N.Y. June 10, 2013)......................................................................................9

*Vasto v. Credico (USA) LLC*, No. 15 Civ. 9298 (PAE), 2016 U.S. Dist. LEXIS 60158
    (S.D.N.Y. May 5, 2016).................................................................................................21

*Warner v. Johnson*, 86 F.3d 8 (2d Cir. 1996) ...............................................................................23

*Whitehorn v. Wolfgang's Steakhouse, Inc.,* 767 F. Supp.2d 445 (S.D.N.Y. 2011)............20, 22, 23

*Yap v. Mooncake Foods, Inc.*, No. 13 Civ. 6534 (ER), 146 F. Supp. 3d 552 (S.D.N.Y. 2015) ...............................................................................................................10

*Zamora v. L Plus L Prods. LLC,* No. 19 Civ. 1506 (GBD) (RWL), 2019 U.S. Dist. LEXIS 179226 (S.D.N.Y. Oct. 15, 2019) ..................................................................7

*Zerilli-Edelglass v. New York City Transit Auth.,* 333 F.3d 74 (2d Cir. 2003) ...........................21

*Zhang v. Sabrina USA Inc.,* No. 18 Civ. 12332 (AJN) (OTW), 2019 U.S. Dist. LEXIS 213318 (S.D.N.Y. Dec. 10, 2019) ..............................................................7

*Zheng v. Good Fortune Supermarket Grp. (USA), Inc.,* No. 13 Civ. 60 (ILG), 2013 U.S. Dist. LEXIS 130673 (E.D.N.Y. Sep. 12, 2013) .......................................................7

**Statutes**

Fair Labor Standards Act, 29 U.S.C. § 201 et seq..................................................................passim

N.J.S.A. 2C:20-2(b)(2)(g)................................................................................................................13

N.J.S.A. 2C:20-3...............................................................................................................................13

## PRELIMINARY STATEMENT

Plaintiff Darnell Millin's ("Plaintiff" or "Millin") Motion for Conditional Certification (hereinafter the "Motion") should be denied. Plaintiff seeks conditional certification of his claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and requests permission to send court-authorized notice to all hourly workers employed by Defendants Brooklyn Born Chocolate, LLC, Theobroma Chocolates, LLC, Michael Altman and Jean-Francois Bonnet (collectively, "Defendants") within the past six years.

While the burden for first-stage conditional certification is relatively lenient, it is not automatic, and it is not toothless. To meet his burden, Plaintiff must offer substantial allegations that he and the putative class members were together the victims of a single unlawful decision, policy or plan. Plaintiff must assert a factual nexus between his situation and the situation of those individuals he asserts are "similarly situated." Plaintiff has not met his burden.

The gravamen of Plaintiff's claim is that Defendants intentionally shaved "hourly workers" time in order to avoid paying overtime to Plaintiff and others to whom he is "similarly situated." To support his "time-shaving" claim on behalf of a putative collective, Plaintiff states that based upon conversations with two identified coworkers, it was his "understanding" that other hourly workers were not compensated for all hours worked. He also contends it was his understanding that others' time records reflected more hours worked than they were paid for. Plaintiff also states that he observed and worked with twelve total hourly workers (including the two hourly workers with whom he allegedly had conversations) who worked the same or more hours than he did.

Crucially, Plaintiff does not provide any information about the group of individuals on behalf of which he requests to conditionally certify a class. He does not identify when and where any conversations and observations occurred. He does not specify the content or substance of

1

these conversations or observations, including dates or circumstances giving a factual basis for any conversation or observation concerning the shorting of overtime hours to hourly workers that is the lynchpin of Plaintiff's claim for collective action treatment of his individual unpaid overtime claims.  Moreover, Plaintiff does not submit affidavits or declarations from any of the putative collective members that would corroborate his non-specific allegations even though it has been over seven months since he commenced this action. Plaintiff's unsupported, general, vague and conclusory statements about his "understanding" that hourly workers were not compensated for all overtime hours worked are insufficient to establish a common policy of unpaid overtime to a putative collective due to shorting hours or shaving time records.

Furthermore, neither the Complaint nor the declaration include the job titles, tasks or duties of other employees, including those specifically named as prospective opt-in plaintiffs. Plaintiff does not state that that the two individuals with whom he allegedly communicated are similar to him in any way, including that they had the same or similar job title, duties or employment circumstances. Nor does Plaintiff explain how his job duties and tasks were similar to others. Put simply, Plaintiff cannot rest on the claim that all potential opt-ins would be subject to essentially the same factual and employment settings when Plaintiff fails to proffer such facts.

Plaintiff also submits time record excerpts for the workweek of December 16, 2015 through December 22, 2015 as evidence of Defendants alleged widespread time shaving of overtime practice. However, these records should not be considered by the Court. First, Plaintiff may not rely on these records because they pertain to a period beyond the applicable statute of limitations for Plaintiff's claims under the FLSA. Second, these records may be stolen, if not doctored. Plaintiff admits that a then current employee of Defendant removed or stole the 2015 records from Defendants facility for use in this litigation. In addition to Plaintiff's potential

criminal act in causing corporate records to be removed or stolen from Defendant's facility, Plaintiff did not and cannot authenticate the 2015 records. Conspicuously absent from the Motion is a declaration or affidavit as to the authenticity of the 2015 records. Instead, it appears, upon information and belief, that Plaintiff, perhaps with a former employee's assistance, doctored corporate documents to cast a fraud on the Court through manufacturing a baseless and frivolous claim of unpaid overtime on behalf of a non-existent class or collective. The Court, respectfully, should not consider these records.

Plaintiff's self-serving affidavit fails to establish that he is similarly situated to other hourly workers. The 2015 time records are barred by the statute of limitations. Upon information and belief, they are also stolen documents belonging to the corporate Defendants that have not been authenticated or may have been altered or doctored by the Plaintiff or another person on his behalf. Plaintiff, therefore, has presented nothing to the Court to warrant this matter proceeding as a collective action.

In addition, Plaintiff alleges that, notwithstanding Defendants' detailed time and payroll records, he was not properly paid because Defendants shaved his overtime hours. Ostensibly, he asserts — without any factual basis — that the putative collective suffered from the same alleged conduct. Therefore, to determine liability, the Court would need to analyze the circumstances of each putative collective member's individual time and payroll records throughout the entire limitations period. This would require the Court to review each employee's situation on a case-by-case basis. As the Court would be improperly required to conduct an individualized inquiry into the claims before it, conditional certification should be denied.

## ARGUMENT

I.   **PLAINTIFF'S MOTION FOR COLLECTIVE ACTION CONDITIONAL CERTIFICATION UNDER 29 U.S.C. § 216(B) SHOULD BE DENIED**

A.   **Legal Standard**

Section 216(b) of the FLSA authorizes the Court to "conditionally certify" a collective action and permit mailing of court-authorized notice to potential opt-in plaintiffs in appropriate cases only when the representative plaintiff has demonstrated that he or she is similarly situated to the potential opt-in plaintiffs. *See* 29 U.S.C. § 216(b); *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010). In order to satisfy the "similarly situated" standard, the representative plaintiff must make a "'modest factual showing' that [he or she] and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Myers*, 624 F.3d at 554 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F.Supp. 249, 260 (S.D.N.Y. 1997)). Conditional certification shall only be granted where a plaintiff proffers "substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Cruz v. Lyn-Rog Inc.*, 754 F. Supp. 2d 521, 524 (E.D.N.Y. 2010) (quoting *Sexton v. Franklin First Fin., Ltd.,* No. 08 Civ. 04950 (JFB) (ARL), 2009 U.S. Dist. LEXIS 50526 at *9 (E.D.N.Y. June 16, 2009). "A plaintiff must provide some actual evidence of a factual nexus between him and the rest of the class he seeks to represent; conclusory allegations will not suffice." *Reyes v. Nidaja, LLC*, No. 14 Civ. 9812 (RWS), 2015 U.S. Dist. LEXIS 101728, at *3 (S.D.N.Y. Aug. 3, 2015). "Declarations submitted in connection with motions for certification must allege facts showing such a nexus, not mere statements that others are similarly situated." Id at *4. As such, "'certification is not automatic," *Romero v. H.B. Automotive Group., Inc.* No. 11 Civ. 386 (CM), 2012 U.S. Dist. LEXIS 61151 at *27 (S.D.N.Y. May 1, 2012) and the modest showing "must still be based on some substance." *Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469, 480

4

(S.D.N.Y. 2010). Otherwise, "an employer may be 'unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense.'" *Prizmic v. Armour, Inc.*, No. 05 Civ. 2503 (DLI) (MDG), 2006 U.S. Dist. LEXIS 42627, at *7 (E.D.N.Y. June 12, 2006). (quoting *D'Anna v. M/A-COM, Inc.*, 903 F. Supp. 889, 894 (D. Md. 1995)).

### B.   Plaintiff Fails to Satisfy Even the Modest Factual Showing Under the Similarly Situated Standard That Is Required for Conditional Certification

Plaintiff has failed to satisfy even the "modest factual showing" required for conditional certification. In support of the within Motion, Plaintiff summarily declares that he is similarly situated to other hourly workers because he observed twelve hourly workers work the same or more hours than he did. He also declares that he "understood" that hourly workers were not compensated for all of their overtime hours based on conversations with two of those twelve hourly workers. Plaintiff, however, does not provide details of the conversations or observations or even when these conversations allegedly took place. This is significant because Plaintiff claims that he was employed by Defendants for approximately 6 years and, therefore, these alleged conversations could have taken place well outside the statute of limitations. *Sanchez v. JMP Ventures, L.L.C.*, No. 13 Civ. 7264 (KBF), 2014 U.S. Dist. LEXIS 14980, at *5-6 (S.D.N.Y. Jan. 27, 2014)  ("Where or when these observations or conversations occurred ... is critical in order for the Court to determine the appropriate scope of the proposed class and notice process"; otherwise "the Court is left with a list of generalized allegations . . . precisely the kind of unsupported assertions and conclusory allegations that courts in this District have found to be insufficient."). Nevertheless, even if these alleged conversations had taken place within the statute of limitations period, Plaintiff does not provide any information about the content of these conversations. Instead, Plaintiff relies on overly general statements and his "understanding" that

5

others are similarly situated, without any facts about the substance of the alleged conversations or the factual basis for his observations.

It is well settled that such allegations and evidence is insufficient to establish a factual nexus between himself and the hourly workers he seeks to include in the collective or a factual basis for Plaintiff's assertion that there are other individuals similarly situated to him. *Fu v. Mee May Corp.*, 15 Civ. 4549 (KPF), 2016 U.S. Dist. LEXIS 53199, at *6 (S.D.N.Y. Apr. 20, 2016) (a plaintiff cannot simply state his belief that others are similarly situated based on conversations with or observations of those other potential opt-in members; rather, he must supply additional detail regarding the particular conversations or observations substantiating that belief); *Qing Gu v. T.C. Chikurin, Inc.*, No. 13 Civ. 2322 (SJ) (MDG), 2014 U.S. Dist. LEXIS 53813, at *10, 13 (E.D.N.Y. Apr. 17, 2014) (plaintiffs must provide factual detail or evidence beyond simply alleging that they observed or spoke with other similarly situated employees and where the named plaintiff unable to state clearly and specifically to whom it is that she contends she is similarly situated, it is not possible for the Court to conclude that a collective action certification is warranted); *Reyes*, 2015 U.S. Dist. LEXIS 101728, at *7 (there is a "consensus in this district that where a plaintiff bases an assertion of a common policy on observations of coworkers or conversations with them, he must provide a minimum level of detail regarding the contents of those conversations or observations." *Sanchez*, 2014 U.S. Dist. LEXIS 14980, at *5-6 (S.D.N.Y. Jan. 27, 2014) (denying certification where the plaintiff's knowledge of pay was generally based on "observations" and "conversations" without providing "where or when" the conversations occurred); *Ali v. New York City Health & Hosps. Corp.*, No. 11 Civ. 6393 (PAC), 2013 U.S. Dist. LEXIS 44091, at *8 (S.D.N.Y. Mar. 27, 2013) (denying conditional certification motion where plaintiff merely alleged that she "had conversations with other respiratory therapists about

6

the fact that we worked in excess of forty hours a week"); *Zamora v. L Plus L Prods. LLC,* No. 19 Civ. 1506 (GBD) (RWL), 2019 U.S. Dist. LEXIS 179226, at *9-10 (S.D.N.Y. Oct. 15, 2019) (denying certification where the plaintiff failed to identify particular conversations); *Eng-Hatcher v. Sprint Nextel Corp.,* No. 07 Civ. 7350 (BSJ), 2009 U.S. Dist. LEXIS 127262 at *13 (S.D.N.Y. Nov. 13, 2009) (denying certification upon finding that plaintiff's conclusory claims were based on "anecdotal hearsay" where plaintiff identified conversations she had with five other employees, in which she was told they did not receive pay for overtime, without any additional detail, and which were not corroborated by affidavits from any other employees); *Zhang v. Sabrina USA Inc.,* No. 18 Civ. 12332 (AJN) (OTW), 2019 U.S. Dist. LEXIS 213318, at *14 (S.D.N.Y. Dec. 10, 2019) (denying certification where plaintiff relied on unsupported assertions that other employees were not paid overtime through "chatting and nodding" with them); *Zheng v. Good Fortune Supermarket Grp. (USA), Inc.*, No. 13 Civ. 60 (ILG), 2013 U.S. Dist. LEXIS 130673, at *14-15 (E.D.N.Y. Sep. 12, 2013)(plaintiff's failure to make any effort to detail the precise mechanisms by which she observed any other clerk being insured is fatal to her motion for conditional certification); *Khan v. Airport Mgmt. Servs., LLC*, 10 Civ. 7735 (NRB), 2011 U.S. Dist. LEXIS 133134, at *10 (S.D.N.Y. Nov. 16, 2011) (denying conditional certification because plaintiffs submission in support of his motion was based, in part, on plaintiff's declaration in which he claimed to have spoken to numerous employees of defendant, but the declaration did not contain any facts about the substance of the alleged conversations or when they took place); *Huertero-Morales v. Raguboy Corp.,* No. 17 Civ. 2429, 2017 U.S. Dist. LEXIS 147788, at *7-9 (S.D.N.Y. Sept. 12, 2017) (denying certification where plaintiff alleged policy of improper time shaving in only the most general terms and with scant factual support

based on conversations with five other employees, but provided no support other than his own declaration and did not provide any specifics about the conversations).

*Khan*, in fact, illustrates why Plaintiff's Motion must be denied. In *Khan*, plaintiff submitted a declaration in support of a motion for conditional certification in which he stated, "I know that others like me were not paid overtime by Defendant because I have spoken to similar employees, including but not limited to! Mr. Naeem, Mr. Noor Nabi, Mr. Habib, Miss Rizui, Miss Gul, Miss Rajandar, and Mr. Sam." *Khan*, 2011 U.S. Dist. LEXIS 133134, at *10. Three other employees submitted similar declarations. *Id.* Plaintiff, in support of the within Motion, has submitted nothing more than a single self-serving declaration in which he claims he had conversations with other employees about them not being paid overtime. Plaintiff's declaration, therefore, contains similar conclusory and unsubstantiated claims that the Court in *Khan* found were insufficient to satisfy the factual nexus test. Moreover, this Court has even less factual support. In *Khan*, the court was provided with declarations from three additional employees and still denied Khan's motion for conditional certification. Here, the court has even less, as no one other than Plaintiff has submitted a declaration, which is further fatal to the Motion.

*Huertero-Morales* is also instructive. In that case, plaintiff made nothing more than general and conclusory assertions that other employees were similarly situated with respect to a common policy or practice of time shaving. *Huertero-Morales*, 2017 U.S. Dist. LEXIS 147788, at *7-9. The *Huertero-Morales* plaintiff stated he spoke with five other employees about the defendants' pay policies, but did not state that any of these employees other than one employee told him they experienced "time shaving." *Id.* That plaintiff also failed to state when or where his conversation with the other employee occurred, rather he was told by the other employee that he was not getting paid for all hours he worked. *Id.* In accordance with the court's holding in

8

*Huerteo-Morales,* this Court should deny conditional certification where Plaintiff only alleges he had non-specific conversations with two employees in which he came to understand that hourly workers were not compensated for their overtime hours.

In contrast, Plaintiff mistakenly contends that the instant case has comparable facts and claims to those in *Tutein v. Esteemed Patrol Inc.*, No. 12 Civ. 1847 (KAM) (RER), 2013 U.S. Dist. LEXIS 186527, at *8 (E.D.N.Y. June 10, 2013). In *Tutein,* Plaintiff identified co-workers by name or by description who also did not receive lawful wages and overtime, but also testified that he performed the same duties as other putative class members. There were also approximately 42 party plaintiffs who had joined the action before a conditional certification motion was filed.  The court in *Tutein* thus found established a sufficient factual nexus to warrant conditional certification. Here, Plaintiff provides no information about the job titles, duties, responsibilities and employment setting of any alleged similarly situated employee and other individual has consented to be a party plaintiff. *Tutein*, therefore, provides no support for Plaintiff's within Motion.

Indeed, the Complaint and declaration are entirely devoid of allegations and facts concerning any other hourly workers, including the job titles, tasks or duties of other employees, including those specifically named as prospective opt-in plaintiffs. Plaintiff does not state that that the two individuals with whom he allegedly communicated are similar to him in any way, including that they had the same or similar job titles, duties or employment settings. Nor does Plaintiff explain how his job duties and responsibilities were similar to others in the purported collective of hourly workers that includes maintenance workers, kitchen workers, pastry chefs and packaging workers. Instead, Plaintiff simply identifies himself as a maintenance worker and his identifies his responsibilities as a maintenance worker, but does not identify any other

similarly situated maintenance workers, nor does he establish how his duties as a maintenance workers are similar to, for example, a pastry chef. This is perhaps conspicuously absent from the within Motion because most, if not all of the employees identified by Plaintiff in his declaration are not similarly situated to Plaintiff. *See* Declaration of Michael Altman ("Altman Dec.") and Declaration of Hugo Guinea ("Guinea Dec.")

Plaintiff's Complaint and declaration provides the Court with no objective criteria for determining whether Defendants have a common plan or policy with regard to any job title except his own, much less all the job titles plaintiffs are seeking to include in their collective action, which warrants denial of Plaintiff's Motion. See *Fernandez v. Sharp Mgmt. Corp.*, No. 16 Civ. 0551 (JGK) (SN), 2016 U.S. Dist. LEXIS 141916, at *9 (S.D.N.Y. Oct. 13, 2016); *Qi Zhang v. Bally Produce, Inc.*, No. 12 Civ. 1045 (FB) (JMA), 2013 U.S. Dist. LEXIS 57544, at *9 (E.D.N.Y. Apr. 22, 2013) ("refusing] to conditionally certify a collective action if plaintiff is unwilling (or unable) to offer any evidence that other [employees] had similar duties and responsibilities as plaintiff"); *Lora v. To-Rise, LLC*, No. 16 Civ. 3604 (RRM) (ST), 2017 U.S. Dist. LEXIS 112644, at *19-20 (E.D.N.Y. July 18, 2017) (to ascertain whether plaintiffs are similarly situated, district courts typically examine whether "[plaintiffs] and other employees have similar positions, job requirements, pay provisions, and the like; there must be an identifiable factual nexus which binds [plaintiffs] and potential class members together as victims of a particular practice; *Yap v. Mooncake Foods, Inc.*, No. 13 Civ. 6534 (ER), 146 F. Supp. 3d 552, 564-65 (S.D.N.Y. 2015) (denying collective certification of a class broader than delivery workers and chefs where the "complaint and affidavits [did] not contain a single factual allegation specific to other types of employees ... such as the specific hours worked by, or the amounts paid to, other employees" (internal quotation omitted)).

10

The lack of detail in Plaintiff's declaration further warrants denial of the Motion because Plaintiff only submits his own declaration. *Gomez v. Kitchenette 123 Inc.*, No. 16-Civ. 3302 (AJN), 2017 U.S. Dist. LEXIS 155257, at \*11 (S.D.N.Y. Sept. 5, 2017) ("when a plaintiff submits only one affidavit, without corroboration, the level of detail in that affidavit becomes particularly important"). In this case, Plaintiff's declaration is devoid of any specific conversation he had with any of the employees he identifies or any of the employees' specific positions or responsibilities and he does not submit a declaration from another employee to corroborate his claims and create a firmer factual foundation as to the alleged unlawful overtime policy applied to the other employees. Plaintiff has thus failed to satisfy the criteria for conditional certification. *Cf. Islam v. LX Ave. Bagels, Inc.,* 18 Civ. 04895 (RA) (RWL), 2019 U.S. Dist. LEXIS 173744, at \*15 (S.D.N.Y. Sep. 30, 2019) (conditional certification granted notwithstanding plaintiffs to provide an example of any specific conversation, nor any examples of the hours worked by or salaries received by any other employee where both plaintiffs provided declarations attesting to the policy applied to the other employees, i.e. each corroborated the other, which created a firmer foundation to conditionally certify a class). In addition, while not outcome determinative, it is telling that Plaintiff has been unable to produce a single other individual interested in participating as a plaintiff in this case. *Khan,* 2011 U.S. Dist. LEXIS 133134, at \*10; *See Eng-Hatcher*, 2009 U.S. Dist. LEXIS 127262, at \*11, n.6.

Plaintiff also submits what he alleges are time record excerpts for the workweek of December 16, 2015 through December 22, 2015 as evidence of Defendants alleged widespread time shaving of overtime practice. However, these records were, upon information and belief, either stolen or doctored.

First, the records are inadmissible by virtue of the statute of limitations for FLSA claims, which is three years for claims under the FLSA if a defendant's acts are willful (and two years if they are not). 29 U.S.C. § 255(a). *Cid v. J.T. Auto & Body Shop, Inc.*, 18 Civ. 9284, 2020 U.S. Dist. LEXIS 17321, at \*6-7 (S.D.N.Y. Jan. 30, 2020); *Belvin v. Electchester Mgmt. LLC*, No. 15 Civ. 04924(KAM)(PK), 2020 U.S. Dist. LEXIS 15914, at \*16, n.6 (E.D.N.Y. Jan. 30, 2020). Plaintiff commenced suit on June 5, 2019, and filed a consent form on that date. Plaintiff's overtime claims thus run, at most, from June 5, 2016 through June 5, 2019 (the date plaintiff commenced suit and filed his opt-in notice) under the FLSA. The 2015 time record excerpts Plaintiff submitted on behalf of a purported collective are barred by the statute of limitations and thus cannot be relied upon in support of the Motion.

Second, these records have not been properly authenticated. It is generally inappropriate for a litigant to attach exhibits to a legal memorandum, which cannot serve to authenticate the submitted evidence. *Genxiang Zhang v. Hiro Sushi at Ollie's Inc.*, No. 17 Civ. 7066 (DF), 2019 U.S. Dist. LEXIS 22745, at \*11 n.3 (S.D.N.Y. Feb. 5, 2019) quoting *AIU Ins. Co. v. TIG Ins. Co.* No. 07 Civ. 7052 (SHS) (HBP), 2012 U.S. Dist. LEXIS 187257, 2012 WL 8138275, at \*5 (S.D.N.Y. Aug. 16, 2012) ("Where a party wishes to have a court consider documents which are not yet part of the record, the documents must be attached to and authenticated by an appropriate affidavit and the affiant must be a competent witness through whom the documents would be received into evidence at trial." (internal quotation marks and citation omitted)), report and recommendation adopted, 934 F. Supp. 2d 594 (2013). Here, the 2015 time record excerpts were annexed as Exhibit D to Plaintiff's counsel's declaration even though Plaintiff's counsel dropped a footnote in his memorandum of law stating, "[t]hese records were given to Plaintiff by his

12

manager, Chester Almonor ("Almonor"). Plaintiff's counsel thus does not have personal knowledge of the records.

Moreover, there is nothing in Plaintiff's declaration as to the source of these documents which would provide for authentication. There is also no declaration from Chester Almonor ("Almonor") that he obtained these records from Defendants and gave them to Plaintiff. In fact, Almonor was not Plaintiff's supervisor and was an hourly employee. *See* Declaration of Michael Altman ("Altman Dec.), at ¶ 28. The documents have thus not been properly authenticated and should not be considered in this Motion. Furthermore, to the extent that Plaintiff claims that Almonor, who had no access to Defendants' time records, gave him Defendants' corporate records maintained by the Defendants (which is denied by Defendants), they would have been stolen or removed from Defendants' facility by someone who was employed by Defendants during the course of this litigation for use in this litigation. *See* Altman Dec. at ¶ 29-31. If the corporate records were removed from Defendants' facility, Plaintiff's appropriation of his former employer's confidential payroll and time records through a then current employee for use in this litigation, has been found to constitute a crime of theft by unlawful taking or disposition in violation of N.J.S.A. 2C:20-3 and 2C:20-2(b)(2)(g). *See State v. Saavedra,* 433 N.J. Super. 501, 506, 81 A.3d 693, 696 (Super. Ct. App. Div. 2013) (an employee can be subject to criminal proceedings for stealing or copying confidential company documents for the purpose of supporting an employment lawsuit). As Plaintiff would have obtained these records through criminal activity, he cannot use these records in pending litigation.

A review of the records upon which Plaintiff relies also shows that they are not in the same format as the records maintained by Defendants and Defendants do not concede they are authentic. Contrary to Plaintiff's claim that Defendants manipulated Plaintiff and other hourly

13

workers' pay to avoid overtime pay, Defendants contend, upon information and belief, that Plaintiff independently, or perhaps in collaboration with Almonor, doctored or altered the records he purports to submit to the Court. *See Altman Dec.*, at ¶ 32. Upon information and belief, Plaintiff, with Almonor's assistance, altered corporate documents to manufacture a baseless and frivolous claim of unpaid overtime on behalf of a non-existent class or collective, which would thus result in a fraud on the Court. Such records are thus inadmissible and should not be relied upon by the Court in respect of the within Motion.

Meanwhile, the duties and responsibilities and employment settings of the Company's maintenance workers, kitchen workers, pastry chefs and packaging workers are vastly different, including different duties being performed by employees within the same job title. *See* Altman Dec., at ¶ 7.  Each classification of hourly workers performed different duties, reported to different supervisors and were classified differently for purposes of workers compensation insurance. See Altman Dec. at ¶¶ 8, 13, 17, 19, 23, 24, 25. Indeed, an hourly worker specifically identified by Plaintiff states that his duties as a kitchen worker are vastly different than Plaintiff's.  See Guinea Dec., at ¶¶ 4, 5). With regard to workers compensation, Defendants had to maintain greater workers compensation coverage. Plaintiff himself also performed more limited duties due to his deficient skill and physical limitations due to a condition with his hand. *See* Altman Dec. at ¶¶ 6, 7.  Plaintiff also identifies Raul Guinea as an hourly worker whom we observed working more hours than him, but he is not similarly situated to Plaintiff because he is an exempt kitchen manager. *See* Altman Dec. at ¶ 10. The dearth of information in the Complaint and Plaintiff's declaration about those employees to whom Plaintiff claims to be similar, when considered in light of Defendants' evidence of the duties and employment settings of its hourly records and proper payroll and time records, demonstrates that Plaintiff has not

14

established that he is similarly situated to any of Defendants' hourly workers. *See* Altman Dec.,

at ¶¶ 33, 34. Conditional certification is thus inappropriate.

## II.     PLAINTIFF'S CLAIMS REQUIRE AN INDIVIDUALIZED INQUIRY INAPPROPRIATE FOR COLLECTIVE ACTION TREATMENT

Courts should deny conditional certification when adjudicating the claims of plaintiff and

the putative collective would require individualized analysis and inquiry. *See Diaz v. Elec.*

*Boutique of America, Inc.*, No. 04 Civ. 0840E (Sr), 2005 U.S. Dist. LEXIS 30382, at *16

(W.D.N.Y. Oct. 13, 2005). Here, Plaintiff's claims necessitate an individualized inquiry and

therefore his Motion should be denied.

Plaintiff admits that Defendants records show that he was not owed any overtime

compensation because he did not work more than 40 hours in a given workweek. However, he

claims that he worked more than Defendants' records indicate and that Defendants altered their

records to avoid paying him overtime. This is precisely what was asserted by the plaintiff in

*Diaz*, which the court found to be too individualized for collective action treatment. *See id.*

("Diaz's allegation-viz., that he worked "off the clock" without compensation and that his

timesheets were altered to delete overtime hours worked — are too individualized to warrant

collective action treatment"); *see also Mike v. Safeco Ins. Co. of America*, 274 F. Supp.2d 216,

220-221 (D.Conn. 2003) (denying conditional certification because plaintiff's claims would

require an individualized inquiry and therefore the case was not an appropriate case for collective

treatment).

In order to determine liability, for each individual that Plaintiff claims is similarly

situated, for each week that each such individual worked, the Court will need to examine

Defendants' time and payroll records to see the number of hours recorded and the amount paid

and then determine if each individual was properly paid. This can only be accomplished by

15

asking each employee to explain the exact amount of time that he or she believes he or she worked each week exclusive of paid non-working time. Thus, Plaintiff's theory of liability and the amount of damages, if any, would vary from individual to individual depending on the difference, if any, between the actual hours worked and the hours set forth in Defendants' records. This is a quintessential individualized inquiry, which defeats the purpose of collective action treatment. *See id.* Accordingly, conditional certification should be denied.

## III.   PLAINTIFF'S PROPOSED COURT AUTHORIZED NOTICE CONTAINS NUMEROUS DEFECTS

For the reasons set forth above, conditional certification should not be granted and court-authorized notice should not be issued. However, in the event that the Court is inclined to grant conditional certification, Plaintiff's proposed notice contains numerous issues and deficiencies that must be corrected.

### A.   Plaintiff's Proposed Collective Action is Overbroad

Plaintiff seeks to certify a collective of maintenance workers, kitchen workers, pastry chefs, packaging workers, and all other similarly situated hourly workers. See Complaint, at ¶ 2. Plaintiff claimed that while employed by Defendants he worked as a maintenance worker and was responsible for making deliveries, packaging chocolates, loading packages on trucks, helping to collect delivered packages, fixing and maintaining equipment, cleaning the worksite, organizing the warehouse, and providing physical labor as needed.. See Millin Decl. Ex. B at ¶ 2,6.  There are no allegations that he prepared or made chocolates or performed administrative functions like those he wishes to include in the collective, nor are there allegations about the duties of the members of the proposed collective. Therefore, the collective should be limited to individuals who might have performed duties similar to those that Plaintiff described he performed. As such, kitchen workers (and managers like Raul Guinea), pastry chefs and non-

exempt administrative personnel should be excluded from the collective and the collective should only maintenance workers, the position Plaintiff claims that he held. *See She Jian Guo v. Tommy's Sushi Inc.*, No. 14 Civ. 3964 (PAE), 2014 U.S. Dist. LEXIS 147981, at *8-9 (S.D.N.Y. Oct. 16, 2014) (certifying collective of delivery workers only, because plaintiff provided only "vague, conclusory, and unsupported assertions" about other types of employees)

### B.     Opt-In Notice Period Should be Limited to 60 days

Plaintiff's Notice of Plaintiffs' Motion for Conditional Collective Certification and for Court Facilitation of Notice seeks an opt-in period of 90 days. However, Plaintiffs' Memorandum of Law and Proposed Notice seek an opt-in period of 60 days. Plaintiff has offered no basis for an opt-in period longer than 60 days, which is customary in this district. See *Castillo v. Perfume Worldwide Inc.*, No. 17 Civ. 2972 (JS) (AKT), 2018 U.S. Dist. LEXIS 54573, at *30 n.7 (E.D.N.Y. Mar. 30, 2018); *See Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54, 61 (E.D.N.Y 2011) (noting that a sixty day notice period is "common practice under the FLSA.") Therefore, the time period in Plaintiff's proposed notice for putative collective members to submit their consent to sue form should be sixty days from the date of mailing.

### C.     Failure to Notify Opt-Ins That They May Have Obligations to Participate in the Discovery Process

Plaintiff's Notice of Plaintiffs' Motion for Conditional Collective Certification and for Court Facilitation does not state that if an individual opts into the lawsuit he or she may have obligations to respond to interrogatories, produce documents, appear at deposition, and otherwise participate in the discovery process. The notice must inform the putative collective about these obligations so they can make an informed decision about whether or not to opt into the lawsuit. *See Hernandez v. Immortal Rise, Inc.,* No. 11 Civ. 4360 (RRM) (LB), 2012 U.S. Dist. LEXIS 136556, AT *22-23 (E.D.N.Y. Sep. 24, 2012) (revising proposed notice to include language

informing potential plaintiffs that if they opt into the lawsuit they will have obligations to participate in discovery).

### D.   Failure to Include Contact Information for Defendant's Counsel

The notice is deficient because it does not include contact information for Defendant's counsel. Courts have generally concluded that the contact information of defendants' counsel is appropriate for inclusion in a notice of collective action. *Lijun Geng v. Shu Han Ju Rest. II Corp.*, No. 18 Civ. 12220 (PAE) (RWL), 2019 U.S. Dist. LEXIS 154246, at *56 (S.D.N.Y. Sep. 6, 2019).

### E.   Information Sought About Potential Opt-Ins and Method of Dissemination of Notice is Overbroad

Plaintiff seeks a computer-readable list of "names, last known addresses, social security numbers, telephone numbers, e-mail addresses, work locations, last known telephone number, work location, and dates of employment" of each individual in the proposed collective. As to the request for last known telephone numbers, email addresses and social security, Plaintiff has not demonstrated any reason as to why such information should be provided. Indeed, the preferred method of sending court-authorized notice is by mail. *See Karvaly v. eBay, Inc.*, 245 F.R.D. 71, 91 (E.D.N.Y. 2007) (finding that historically, first class mailing has been utilized because it provides a controlled method by which individual notification can be provided through a reliable process which ensures that proper notice is received by the potential class members. As such, personal contact information for potential opt-ins other than mailing address is not necessary, particularly where telephone numbers and email addresses could only be used by Plaintiff to improperly contact putative collective members to urge them to join the lawsuit and would only violate their privacy. *See Gordon v. Kaleida Health*, No. 08 Civ. 378S, 2009 U.S. Dist. LEXIS 95729, at *17 (W.D.N.Y. Oct. 14, 2009) (denying plaintiffs request for

telephone numbers and social security numbers of putative collective action members in order to safeguard the privacy interests of such individuals).

As to dissemination of the notice by email and text message, Plaintiff has not offered a single fact in support of or substantiated a claim that there was a high turnover rate amongst Defendants' employees. As such, dissemination of the notice to putative collective action members by email and text messages should not be permitted. *See e.g. Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14 Civ. 3624 (RJS), 2015 U.S. Dist. LEXIS 90616, at *12 (S.D.N.Y. July 13, 2015) (permitting dissemination of notice by text message and email where, given the actual evidence before the court and the high turnover characteristic of the restaurant industry, notice via text message and email was likely to be a viable and efficient means of communicating with many prospective members of this collective action).

F.   **Six Year Notice Period Not Appropriate**

For purposes of issuing a collective action notice under the FLSA where a plaintiff also brings claims under the New York Labor Law ("NYLL"), the more recent trend is to approve a three-year notice period. A three-year notice period avoids the confusion caused by notifying plaintiffs who potentially have two disparate claims with different statutes of limitations and eliminates the inefficiency of providing notice to plaintiffs whose claims may well be time-barred or who are not eligible to opt-on to the FLSA collective action. *Gurrieri v. Cnty. of Nassau,* No. 16-CV-6983 (ADS)(SIL), 2019 U.S. Dist. LEXIS 87146, at *27 (E.D.N.Y. May 23, 2019). It has been determined that a three year notice period is particularly warranted where, as is the case here, the Motion seeks certification only with respect to Plaintiff's FLSA claims and Plaintiff has not yet moved for class certification of his NYLL claims pursuant to F.R.C.P 23. *Id.*; see also *Franze v. Bimbo Foods Bakeries Distribution, LLC*, No. 17 Civ. 03556(NSR)(JCM), 2019 U.S. Dist. LEXIS 54426, at *10-11 (S.D.N.Y. Mar. 29, 2019); *Lujan v. Cabana Mgmt.,*

*Inc.*, No. 10 Civ. 755 (ILG), 2011 U.S. Dist. LEXIS 9542, at *33 (E.D.N.Y. Feb. 1, 2011) (To

authorize notice to employees barred by FLSA's statute of limitations from opting into Plaintiff's

FLSA collective action would amount to sending those employees "a notice informing them that

(1) there is a pending opt-in lawsuit, (2) they may not opt in, and (3) they may later receive

another notice should their status change due to class certification."); *Mongiove v. Nate's Corp.,*

No. 15 Civ. 1024 (NGG) (RML), 2016 U.S. Dist. LEXIS 16878, at *18 (E.D.N.Y. Feb. 9, 2016)

(the notice period is limited to three years and, if and when a class is certified under New York

law, class members will receive notice at that time through the class action notification process);

*McBeth v. Gabrielli Truck Sales, Ltd.*, 768 F. Supp. 2d 396, 400 (E.D.N.Y. 2011) ("With respect

to extending the notice period to six years, while '[n]otice to all former employees, going back

six years, has been authorized where plaintiffs seek relief under both the FLSA and the New

York Labor Law,' . . . the growing trend in this district appears to be limiting the notice period to

three years."). A six year notice period will also result in notice being issued to many individuals

who do not have a timely claim. Indeed, the majority of the twelve individuals identified by

Plaintiff were employed beyond the three-year applicable limitations period under the FLSA.

This will only burden the Court further as Defendants will then need to file motions to dismiss

such untimely claims, on which the Court will have to rule. Furthermore, the notice period

should be measured from the date that the court grants conditional certification. *See Hernandez*,

2012 U.S. Dist. LEXIS 136556, at *20-21 (E.D.N.Y. Sept. 24, 2012) ("[D]efendants accurately

point out that any notice period generally shall be measured from the date of the Court's order

granting plaintiffs' motion for conditional certification, not from the filing of the complaint.");

*Whitehorn v. Wolfgang's Steakhouse, Inc.,* 767 F. Supp.2d 445, 451 (S.D.N.Y. 2011) ("[C]ourts

generally permit plaintiffs to send notice to those employed during the three year period prior to

the date of the Order or to the mailing of the notice). Accordingly, if notice is to be issued, it should only be issued to those individuals who worked for Defendants for the three year period preceding the date the Court grants conditional certification.[1]

## IV.    THE STATUTE OF LIMITATIONS SHOULD NOT BE TOLLED

The Court should deny Plaintiff's request for equitable tolling. The FLSA has a two year state of limitations "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). The statute of limitations for each putative collective action member, including the representative plaintiff, continues to run until he or she files written consent with the court to join the lawsuit. *See id*.; 29 U.S.C. § 256(b); *Sbarro*, 982 F. Supp. at 260 ("[O]nly by 'opting in' will the statute of limitation period on potential plaintiffs' claims be tolled.") Courts have the power to equitably toll the statute of limitations "as a matter of fairness where a [party] has been prevented in some extraordinary way from exercising his rights." *Iavorski v. United States I.N.S.*, 232 F.3d 124, 129 (2d Cir. 2000); G*arcia v. Chipotle Mexican Grill, Inc.*, No. 16 Civ. 601 (ER), 2016 U.S. Dist. LEXIS 153531, at *31-32 (S.D.N.Y. Nov. 4, 2016) quoting *Vasto v. Credico (USA) LLC*, No. 15 Civ. 9298 (PAE), 2016 U.S. Dist. LEXIS 60158, at *51 (S.D.N.Y. May 5, 2016) (Equitable tolling is only appropriate "in rare and exceptional circumstances, where a plaintiff has been prevented in some extraordinary way from exercising his rights.") However, equitable tolling is only to be applied "in rare and exceptional circumstances." *Zerilli-Edelglass v. New York City Transit Auth.,* 333 F.3d 74, 80 (2d Cir. 2003). "An extraordinary circumstance might exist if the

---

[1] Defendants maintain that the two-year statute of limitations under the FLSA is applicable because in the event the Court determines that they violated the FLSA — a claim that Defendants vigorously dispute — any such violation would not have been willful. However, Defendants recognize that if conditional certification is granted, in this Circuit, when willfulness is disputed, courts generally permit notice to be issued assuming the FLSA's three year statute of limitations period applies. *See, e.g., Alvarez v. IBM Rest., Inc.*, 839 F. Supp.2d 580, 587-88 (E.D.N.Y. 2012).

employee shows that it would have been impossible for a reasonably prudent person to learn of the cause of action or if the defendant concealed from the plaintiff the existence of the cause of action." *Whitehorn v. Wolfgang's Steakhouse, Inc.,* 767 F. Supp.2d 445, 449 (S.D.N.Y. 2011) (internal citations omitted); *Qian Xiong Lin v. DJ's Int'l Buffet,* No. 17 Civ. 4994 (JS)(AYS), 2019 U.S. Dist. LEXIS 193947, at *15 (E.D.N.Y. Nov. 7, 2019) (equitable tolling typically only permitted when there has been fraud or other conduct by defendant designed to conceal the existence of a claim from plaintiff).

      Plaintiff has not set forth the "extraordinary circumstances" that would warrant a tolling of the statute of limitations for those individuals who he believes are allegedly similarly situated. Plaintiff first claims that the delay caused by the parties pre-litigation discussions and participation in the court's mandatory mediation program warrants equitable tolling. The argument that the statute of limitations should be tolled from the beginning of the time period in which the parties began to negotiate through the court's mediation program through the time Plaintiff is able to send notice to potential opt-in plaintiffs has been found to be an insufficient basis to toll the statute of limitations. *See Alvarez v. Schnipper Rests. LLC,* 16 Civ. 5779 (ER), 2017 U.S. Dist. LEXIS 204596, at *15-16 (S.D.N.Y. Dec. 11, 2017). Plaintiff then claims that the delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be deemed an 'extraordinary circumstance. However, there is nothing in the record to suggest that the court will indefinitely delay decision on the Motion to warrant equitable tolling. *Mark v. Gawker Media LLC*, No. 13 Civ. 4347, 2014 U.S. Dist. LEXIS 155424, at *6 (S.D.N.Y. Nov. 3, 2014) (court's 11-month delay not sufficiently "extraordinary" to warrant equitable tolling).

In addition, Plaintiff offer no specific details as to any individual potential opt-in plaintiff who intends to join the collective but who risks becoming time-barred or has been prevented in some extraordinary way from exercising his rights. *Warner v. Johnson*, 86 F.3d 8, 12 (2d Cir. 1996) (quoting *Miller v. International Tel. & Tel. Corp.*, 755 F.2d 20 at 24 (2d Cir. 1985); *see, e.g., Dai v. Lychee House, Inc.,* No. 17 Civ. 6197 (DF), 2018 U.S. Dist. LEXIS 151168, at *34-35 (S.D.N.Y. Aug. 29, 2018) ("Plaintiffs have not demonstrated that the claims of any potential opt-in plaintiffs would actually be barred") (*citing Whitehorn*, 767 F. Supp. 2d at 450); *Contrera v. Langer,* 278 F. Supp. 3d 702, 724  (S.D.N.Y. 2017) ("The plaintiffs on whose behalf equitable tolling is being sought have not been identified. . . . no specific information has been provided about any particular opt-in plaintiff's circumstances.") Plaintiff has thus not demonstrated a basis to equitably toll the statute of limitations on behalf of the entire collective in this case.

## <u>CONCLUSION</u>

For the reasons set forth above, Plaintiffs motion for conditional certification should be denied.

Dated:       New York, New York
              February 7, 2020

                      Respectfully submitted,

                      /s/ FRANCIS J. GIAMBALVO_____
                      Francis J. Giambalvo
                      GORDON REES SCULLY MANSUKHANI, L.L.P.
                      One Battery Park Plaza, 28th Floor
                      New York, New York 10004
                      (212)  269-5500
                      *Attorneys for Defendants*