UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

———————————

№ 19-CV-3346 (ENV) (RER)

———————————

DARNELL MILLIN,

Plaintiff,

vs

BROOKLYN BORN CHOCOLATE, LLC, ET AL.,

Defendants.

———————————

**MEMORANDUM & ORDER**

May 6, 2020

———————————

RAMON E. REYES, JR., U.S.M.J.:

Plaintiff Darnell Millin ("Millin") brings this action against Defendants, Brooklyn Born Chocolate, LLC ("BK Chocolate") and others (collectively, "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. (Dkt. No. 1 ("Compl.")) and New York Labor Law ("NYLL"). Plaintiff has moved pursuant to FLSA § 216(b) to conditionally certify a collective action of, and to distribute notice to, all BK Chocolate maintenance workers, packaging workers, delivery workers, kitchen staff, and all other similarly situated hourly employees ("Hourly Workers") from June 5, 2013 to the present. (Dkt. No. 28 ("Pl. Mem.")). Defendants oppose the motion. (Dkt. No. 30 ("Def. Mem.")).

1

Familiarity with the factual allegations and procedural history is assumed. For the reasons set forth below, the motion is granted. The proposed notice should be amended as described *infra*.

## **DISCUSSION**

I.    Legal Standard

Section 216(b) of the FLSA permits the court to consider an employee's claims on behalf of himself and "other employees similarly situated." 29 U.S.C. § 216(b). The process of determining whether to certify a collective action is a two-step inquiry. *Myers v. Herts Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010). First, the court makes "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiff[] with respect to whether a FLSA violation has occurred." *Id.* at 555. This preliminary step requires plaintiffs to "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id.* (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y.1997)). Because the purpose of this stage is simply to determine whether there are similarly situated plaintiffs who could opt-in, the standard of proof is "low." *See, e.g., id.* However, the modest factual showing cannot be satisfied by unsupported assertions. *Id.*

Following this preliminary determination, Defendants may make a motion to decertify the collective, typically after discovery is completed. *In Re Penthouse Executive Club* No. 10 Civ. 1145 (NRB), 2010 WL 4340255, at *2 (S.D.N.Y. Oct. 27, 2010). The Court will apply increased scrutiny during this later stage to determine whether the additional plaintiffs are actually similarly situated. *Id.*

II.    Analysis

Plaintiff's submissions satisfy his burden of a modest factual showing that he is similarly situated to other BK Chocolate Hourly Workers with respect to the alleged violations of the FLSA—lack of overtime pay. Millin has submitted time records

2

and pay stubs which show that he worked more than forty hours in certain pay periods but was not paid an overtime premium for such work. (Dkt. Nos. 29-2 ¶ 11, 29-4 and 29-6). Millin also identifies by name several Hourly Workers who similarly worked more than forty hours per week and who complained to him that they did not receive overtime pay. (Dkt. No. 29-2 ¶¶ 7–8). The time records Millin submitted corroborate this assertion, clearly indicating that some of these employees worked more than forty hours in those same pay periods. That, along with the pleadings is enough to satisfy Plaintiff's modest burden. *See, e.g., Miranda v. Gen. Auto Body Works, Inc.*, No. 17-CV-04116 (AMD) (RER), 2017 WL 4712218, at *1 (E.D.N.Y. Oct. 18, 2017) ("The assertions of the named plaintiff may be enough to meet this minimal burden.")

Defendants raise four principal arguments in opposition to Plaintiff's motion. First, that Millin's declaration is insufficiently detailed to sustain conditional certification of a collective action. (Def. Mem. at 5–11). Second, that the time records submitted with Millin's motion are inadmissible by virtue of the statute of limitations and were either stolen or doctored, or at least have not been properly authenticated, and therefore cannot be used to support the motion. (*Id.* at 12–14). Third, that Millin has not established that the other employees performed the same job duties as him, and therefore, no collective should proceed. (*Id.* at 14). And fourth, that Plaintiff's claims require an individualized analysis and inquiry that is inappropriate for collective treatment. (*Id.* at 15–16). These arguments lack merit.

Defendants' contention that a declaration supporting *conditional* certification needs to be exquisitely detailed as to time, place, occurrence, speaker, etc. is misplaced. (Def. Mem. at 5–11). While there are a few cases which may appear to stand for such a proposition, they are in the minority and Defendants stretch them to an extreme, both factually and legally. Conditional certification is a threshold inquiry, and one that is not based on an adjudication of the merits. *E.g., In Re*

3

*Penthouse,* 2010 WL 4340255, at *4; *see Alves v. Affiliated Home Care of Putnam, Inc.*, No. 16 Civ. 1593 (KMK), 2017 WL 511836, at *4 (S.D.N.Y. Feb. 8, 2017); *Jeong Woo Kim v. 511 E. 5th St., LLC*, 985 F. Supp. 2d 439, 446 (S.D.N.Y. 2013). Millin's declaration and supporting documents are sufficient for this threshold purpose.

Defendants' contention that the Court cannot consider the records that Millin submitted along with his declaration because they are either outside the statute of limitations, stolen, doctored or unauthenticated fares no better. (Def. Mem. at 12–13). These are merits-based arguments that are inappropriately adjudicated on a motion for *conditional* certification. The Court will address them after discovery, perhaps during adjudication of a motion to decertify the collective. Notably, as Plaintiff points out, even the declaration of Michael Altman and related time records, which defendants proffer to defeat conditional certification, support Plaintiff's motion. That declaration and supporting records show that Hourly Workers were not paid for time they worked in excess of forty hours per week pursuant to a "strictly enforced" policy of only paying for forty hours per week. In this regard Defendants' reliance on the "happy camper" declaration of Hugo Guinea is equally misplaced.

Defendants' argument that conditional certification cannot be granted because Plaintiff may have performed different job duties than other employees is equally untenable. (Def. Mem. at 14). Courts determine the issue of "similarly situated" based on whether the plaintiff and the putative collective members are subject to a similar pay structure, not whether plaintiff and the putative collective members share similar job responsibilities. *See, e.g., Ritz v. Mike Rory Corp.*, No. 12-CV-367 (JBW) (RML), 2013 WL 1799974, at *2 (E.D.N.Y. Apr. 30, 2013) (rejecting limiting conditional class to bartenders and instead, including all tipped service workers in conditional class); *Calderon v. King Umberto, Inc.*, 892 F. Supp. 2d 456, 464 (E.D.N.Y. 2012) (refusing to limit certification to positions held by named

4

plaintiffs); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y. 2007) (rejecting as frivolous defendant's argument that certification should be limited to duck feeders); *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 391 (E.D.N.Y. 2010) (certifying employees despite varying positions and functions).

Equally unavailing is Defendants' contention that individual inquiries are necessary to adjudicate any potential claim. (Def. Mem. at 15–16). This is inaccurate. If the Court determines that Defendants' policy violates the FLSA individual inquiries may be necessary to calculate *damages*, but are not relevant at this stage in the litigation. *E.g., Finnigan v. Metro. Transp. Auth.*, No. 19-CV-00516 (PKC) (RER), 2020 WL 1493597, *3 (E.D.N.Y. Mar. 26, 2020).

III. Proposed Notice

Under the FLSA, district courts have the power to order that notice be given to potential members of a collective. *Braunstein v. E. Photographic Labs., Inc.*, 600 F.2d 335, 335–36 (2d Cir. 1978). Plaintiff submits a proposed notice and requests authorization to send the notice by mail, email and text message to all Hourly Workers who work or have worked for Defendants from June 5, 2013 to the present, as well as an order requiring Defendants to post the proposed notice at their work sites. (Pl. Mem. at 7–9). Plaintiff suggests a six-year limitations period and sixty-day opt-in period. (*Id.*)[1]

Defendants raise a number of arguments against the distribution of the proposed notice: (1) that the notice is overbroad and should not cover all Hourly Workers (Def. Mem. at 16–17); (2) the notice does not inform opt-ins that they may have obligations to participate in discovery (*id.* at 17–18); (3) the notice does not include contact information for Defendants' counsel (*id.* at 18); (4) the information sought

---

[1] As Defendants note correctly, Plaintiff's memorandum of law suggests a sixty-day opt in period but his proposed notice itself provides for a ninety-day opt in period. (Def. Mem. at 17). The Court will assume that the proposed notice contains a typographical error and will instead approve a sixty-day opt in period.

about potential opt-ins and the method of dissemination of the notice is overbroad (*id*. at 18–19); and (5) that the statute of limitations period should be two years, measured from the date of the Court's order on conditional certification (*id.* at 19–23).

The Court has previously dealt with the issue of the scope of the collective—whether the collective should include all Hourly Workers or some subset thereof. Accordingly, that objection to the proposed notice is rejected.

Plaintiff does not object to the notice including language about opt-ins' potential discovery obligations, or inclusion of defense counsel information. Such language shall be included in the notice. *See, e.g., Anjum v. J.C. Penney Co.*, No. 13-CV-460, 2015 WL 3603973, at *14 (E.D.N.Y. June 5, 2015) ("[c]ourts in this Circuit have generally concluded that [defense counsel contact] information is appropriate for inclusion in a notice of collective action." (quoting *Slamna v. API Rest. Corp.*, No. 12 Civ. 757 (RWS), 2013 WL 3340290, at *5 (S.D.N.Y. July 2, 2013)).

The objection to the scope of information sought about potential opt-ins, e.g., email addresses, telephone numbers, etc., and the method of dissemination of the notice, e.g., email and text message, is quite outdated and not in touch with the reality of current life in the United States of America. There is no credible reason why notice should not be provided by email or text message, especially given the broad remedial purpose of the FLSA. *See, e.g., Velasquez v. Digital Page Inc.*, No. 11-CV-3892 (LDW) (AKT), 2014 WL 2048425, at *15 (E.D.N.Y. May 19, 2014) (finding it proper for courts in collective actions to order discovery of telephone numbers and email addresses of potential collective members) (collecting cases). The historical reliance of some courts on mailing notices is no longer appropriate given the migratory nature of workers, whether locally or otherwise, and is inconsistent with current methods of communication. Simply put, email, text message and other electronic means of communication is far more prevalent than snail mail, whether

fortunately or not. The same is true for the objection to posting notices at BK Chocolate worksites. *Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508, 521 (E.D.N.Y. 2011) ("Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail." (quoting *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011))).

Defendants' contention that the statute of limitations period should be two years is untenable. Where, as here, willful violations of the FLSA are alleged, the statute of limitations for the collective is three years. *E.g., Valerio v. RNC Indus.*, LLC, 314 F.R.D. 61, 73–74 (E.D.N.Y. 20016) ("At the conditional certification stage, allegations of willful conduct are sufficient to apply the three-year statute of limitations for purposes of certifying the class." (quoting *Jie Zhang v. Wen Mei, Inc.*, No. 14-CV-1647 (JS) (SIL), 2015 WL 6442545, at *5 (E.D.N.Y. Oct. 23, 2015))). Moreover, where NYLL claims are raised, it is appropriate to extend the statute of limitations to six years. *E.g., Anjum*, 2015 WL 3603973, at *12; *Cohan v. Columbia Sussex Mgmt., LLC*, No. 12–CV–3203 (JS) (AKT), 2013 WL 8367807, at *9 (E.D.N.Y. Sept. 19, 2013) ("Multiple courts in the Eastern District, including this Court, have held that where a case involves both NYLL and FLSA claims, it promotes judicial economy to send notice of the lawsuit to all potential plaintiffs at the same time even though some individuals may only have timely NYLL claims.") (collecting cases).

Finally, while the limitations period for each potential plaintiff continues to run until they elect to opt-in to the action, 29 U.S.C. §. 256(b), some plaintiffs may be eligible for equitable tolling. *See Kemper v. Westbury Operating Corp.*, No. 12-CV-0895 (ADS) (ETB), 2012 WL 4976122, at *3 (E.D.N.Y. Oct. 17, 2012). It is therefore appropriate that notices of the collective action be sent to prospective plaintiffs who worked for defendants from six years prior to the filing of the motion

for collective action, rather than the date upon which notice is mailed. After Court-ordered mediation failed, Plaintiff filed this motion on February 14, 2020. The Court finds that notice shall be sent to Hourly Workers who worked for Defendants at any point during the six-year period preceding the date of the filing of the motion for conditional certification.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion is granted. A collective action of BK Chocolate Hourly Workers is conditionally certified and the proposed notice is approved with modification. Within fourteen days of this Order, Defendants are directed to provide Plaintiff's counsel with the requested contact information for potential collective action members for the purpose of issuing the notice.

SO ORDERED.
**/s/ Ramon E. Reyes, Jr.**
RAMON E. REYES, JR.
United States Magistrate Judge

Dated: May 6, 2020
Brooklyn, New York

8